GORBY v. YEOMANS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONTRIBUTORY NEG-
   LIGENCE.
   Contributory negligence is not discussed on appeal of tavern
   keeper in action for negligence arising out of an assault in
   his tavern, where such defense was raised for the first time on
   appeal.

2. INNKEEPERS—TAVERN KEEPER—DUTY TO PATRONS.
   The duty of the proprietor or keeper of a tavern to protect a
   customer against the aggressions of third persons on the prem-
   ises is that of the exercise of ordinary care in keeping the
   premises safe.

3. SAME—TAVERN KEEPER—DUTY TO PATRONS.
   The duty of a tavern keeper to protect a patron from injury
   by another arises when one or more of the following circum-
   stances exists:  (1) allowance of a person on the premises who
   had a known propensity for fighting;  (2) allowance of a person
   to remain on the premises whose conduct had become ob-
   streperous and aggressive to such a degree the tavern keeper
   knew or ought to have known he endangered others;  (3)
   warning of danger from an obstreperous patron and failure to
   take suitable measures for the protection of others;  (4) fail-
   ure to stop a fight as soon as possible after it started;  (5)
   failure to provide a staff adequate to police the premises; and
   (6) toleration of disorderly conditions.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 571.
[2, 3, 5] 29 Am Jur, Innkeepers §§ 62, 63.
   Liability of innkeeper, restaurateur, or tavern keeper for injury oc-
   curring on or about premises to guest or patron by person other
   than proprietor or his servant.  70 ALR2d 628.
[4] 29 Am Jur, Innkeepers § 78.

4. Same—Tavern Keeper—Liability—Question for Jury.

    Evidence in plaintiff's action against tavern keeper for injuries suffered by plaintiff when he was assaulted in defendant's tavern by one of his companions, a stranger before that evening, after playing pool and drinking with him earlier in the evening, which showed that defendant's female employee was tending tavern alone and that she did nothing to attempt to quell the disturbance in which plaintiff was injured or to call for aid from police or other patrons, *held*, to present a question of fact for jury as to whether defendant had failed in his duty toward plaintiff.

5. Same—Tavern Keeper—Sufficiency of Evidence.

    Evidence presented in action by plaintiff for injuries sustained from assault by another patron in defendant's tavern, where evidence showed that defendant had only one female employee in charge of tavern, and that she did nothing to stop disturbance or call aid to stop it when she became aware of it, *held*, sufficient for jury to determine that defendant's duty to plaintiff was breached, and that the breach was a proximate cause of plaintiff's injuries.

Appeal from Newaygo; Van Domelen (Harold), J. Submitted Division 3 May 10, 1966, at Grand Rapids. (Docket No. 962.) Decided September 27, 1966.

Complaint by Olon Gorby against Albert Yeomans and Jay Willis for personal injuries sustained when plaintiff was assaulted by Willis in a tavern operated by Yeomans. Verdict and judgment for plaintiff. Defendant Yeomans appeals. Affirmed.

*J. Donald Murphy,* for plaintiff.

*Okrent, Baun & Stalburg,* for defendant Yeomans.

J. H. Gillis, J. Defendant, Albert Yeomans, doing business as Riverview Resort, appeals a judgment entered on a jury verdict for plaintiff, Olon Gorby, and a denial of defendant's motion for a judgment notwithstanding the verdict and motion

for a new trial. Plaintiff brought his action against one Jay Willis and Yeomans, asserting that they were jointly and severally liable for injuries which he sustained in an altercation in a tavern operated by defendant Yeomans on June 25, 1963. Defendant Willis who allegedly assaulted the plaintiff defaulted, and although he appeared as a witness at trial, did not contest the action and is therefore not involved in this appeal.

Plaintiff's theory, under which he sought to hold Yeomans liable for injuries allegedly inflicted by Willis, was that Yeomans failed in his common-law duty to plaintiff-business invitee to provide a reasonably safe place for the plaintiff which included both using all reasonable means to protect plaintiff from an assault by another patron of the tavern, and also to prevent the continuation of the assault once it had been initiated.

The setting for the action presently before this Court was a tavern in a resort area near the township of Croton, Newaygo county, Michigan. The leads in the case included 3 of 4 men who had spent the evening playing pool and drinking together and the barmaid in the Riverview Tavern where the convivial evening terminated in an assault and battery. Plaintiff testified that he knew one of the 3 men— Robert Baker—however, his other 2 companions for the evening were strangers to him. Gorby was unaware of the fact that his alleged assailant, Willis, was at that time "going with" Baker's daughter (subsequently Willis became Baker's son-in-law). The fight resulted from an argument regarding the payment of drinks for the evening which, according to plaintiff, was initiated when Baker accused plaintiff of allowing a younger man (Willis) to foot the evening's bills. At some point in the verbal battle, Willis was alleged to have taken over for his future father-in-law and assaulted plaintiff, causing con-

siderable injuries for which he sought damages. At the time of the assault, a Wednesday evening at approximately 11 o'clock, the tavern was peopled with a handful of patrons. It was staffed only by a female attendant at the bar. The dispute and its physical aftermath took a minimum of 5 minutes. Although the testimony as to exactly how long it took for the injuries to be inflicted, and the testimony as to exactly who did what was necessarily in conflict, it was undisputed that defendant Yeomans' employee did nothing to attempt to quell the disturbance, to urge the principals to cease their activities, or to call for aid—either from the police or other patrons.

The jury returned a verdict of $7,500 for plaintiff against defendants Willis and Yeomans and the latter appeals. Although defendant raises some 12 issues on appeal, they can be consolidated into the essential question of whether plaintiff presented sufficient evidence of a breach of duty owed to him which was a proximate cause of his injuries to allow this case to go to the jury.

Yeomans argued that he, through his employee, could not have been expected in the exercise of reasonable care to anticipate or prevent the assault since the plaintiff, himself, testified he was surprised by the attack. The defense of contributory negligence was raised for the first time on appeal and will therefore not be considered.

In order to resolve the essential issue on appeal, this Court has had occasion to review reported holdings of various jurisdictions recently confronted with similar sorties seeking to hold tavern operators liable in damages for injuries suffered by a patron from the acts of another patron.

Courts which have had occasion to deal with fact situations of this type have developed and applied rules of liability in such instances, which are set

forth in *Nevin* v. *Carlasco* (1961), 139 Mont 512 (365 P2d 637); *Miller* v. *Staton* (1961), 58 Wash 2d 879 (354 P2d 891); and *Slawinski* v. *Mocettini* (1963), 217 Cal App 2d 192 (31 Cal Rptr 613). In *Slawinski, supra,* at 196 (31 Cal Rptr 616), they are thus stated:

"The duty of a tavern keeper to protect a patron from injury by another arises only when one or more of the following circumstances exists: (1) a tavern keeper allowed a person on the premises who has a known propensity for fighting; (2) the tavern keeper allowed a person to remain on the premises whose conduct had become obstreperous and aggressive to such a degree the tavern keeper knew or ought to have known he endangered others; (3) the tavern keeper had been warned of danger from an obstreperous patron and failed to take suitable measures for the protection of others; (4) the tavern keeper failed to stop a fight as soon as possible after it started; (5) the tavern keeper failed to provide a staff adequate to police the premises; and (6) the tavern keeper tolerated disorderly conditions."

Applying this formulation of elements to the facts in the instant case, it is apparent that the jury could have found from the evidence presented that one or more were applicable.

In *Veterans Organization of Fort Oglethorpe, Ga., Inc.,* v. *Potter* (1965), 111 Ga App 201 (141 SE2d 230), the court's syllabus provided an excellent summary of the duty owed:

"The duty of a proprietor to protect a customer or guest against the aggressions of third parties on the premises is that of the exercise of ordinary care in keeping the premises safe. No such duty arises until the owner has knowledge or by the exercise of such care could have discovered the hazard to the customer's safety and thereafter fails to use reasonable care to eliminate it."

In the *Veterans Organization Case,* the court reversed a decision for plaintiff, where the facts showed that there were police present and that plaintiff's decedent, for whose injuries plaintiff sought recovery, died of a cerebral hemorrhage which might have caused his fall. In the course of that opinion the Georgia court at page 206 distinguished that case from *Adamson* v. *Hand* (1955), 93 Ga App 5 (90 SE2d 669), where:

"A quarrel broke out between two customers of the defendant *which was allowed to proceed unchecked for 5 or 10 minutes* and the plaintiff, another customer, was eventually shot by a stray bullet. Negligence *was alleged in that no effort was made either to personally intervene or to call the police."* (Emphasis supplied.)

There was sufficient evidence presented for the jury to determine that the defendant's duty to the plaintiff was breached by a failure to do anything at all once the brewing altercation became obvious, and that this breach was a proximate cause of his subsequent injuries.

The weight to be accorded the evidence and the credibility of the witnesses was for the jury to determine. Since there was sufficient evidence to go to the jury, this Court will not disturb its verdict.

Judgment affirmed. Costs to appellee.

HOLBROOK, P. J., and FITZGERALD, J., concurred.