MANUEL *v.* WEITZMAN

1. ACTION—JOINDER—DRAMSHOP ACT—NEGLIGENCE.
   A claim for damages under the dramshop act may be brought
   with a companion action for negligence arising out of the
   same facts (CLS 1961, §436.22).

2. TRIAL—DIRECTED VERDICT—REASONABLE MEN.
   A directed verdict is improper if, viewing the evidence in
   light most favorable to the now moving party, reasonable
   men can honestly differ.

3. TRIAL—QUESTION OF FACT—JURY.
   A case must be allowed to go to the jury if there is a single
   material issue of fact from which reasonable men could draw
   different conclusions.

4. INTOXICATING LIQUORS—TAVERN KEEPER—DUTY—FIGHTS.
   A tavern keeper has a duty to his patrons to stop a fight as
   soon as possible after it has started and the question of
   when the fight commenced is for the jury where there is
   conflicting testimony about the time that elapsed between a
   first assault on a patron and the intervention of bartenders
   to stop the fight.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 March 10, 1970, at Detroit. (Docket No. 7,315.) Decided March 30, 1970. Leave to appeal granted October 12, 1970. 384 Mich 763.

Complaint by Arthur Manuel and Violet Manuel against Harry Weitzman, owner and operator of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquor § 596.
[2–4] 53 Am Jur, Trial §§ 362, 363.

Roxy Bar, for injuries received in an assault by a patron while in the Roxy Bar. Directed verdict for defendant. Plaintiff appeals. Reversed and remanded.

*Dietrich & Shrauger,* for plaintiffs.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for defendant.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

Per Curiam. Plaintiff Arthur Manuel was assaulted by a patron while in defendant's tavern. Plaintiffs brought suit in Wayne County Circuit Court against defendant based upon their claim for damages arising out of the incident which occurred in the Roxy Bar owned and operated by defendant, Harry Weitzman. Plaintiffs sued on four counts. Counts I and II were brought under the dramshop act, MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993). Counts III and IV allege that defendant violated the tavern keeper's duty to maintain safe premises for business invitees. Counts I and II were settled prior to trial and dismissed by stipulation. Plaintiffs proceeded to trial on counts III and IV. At trial on these latter two counts, defendant was granted a directed verdict. Plaintiffs appeal.

The trial court based its directed verdict on two grounds. The first was that plaintiffs could not bring suit both upon the statute and under the common law. The second ground for directed verdict was that the trial court found no questions for the jury to be present in plaintiffs' proof.

We considered the question of election of remedy in *Baker* v. *Golematis* (1969), 17 Mich App 383. There we said, at p 385:

"There is no rule that a claim for damages under the dramshop act cannot be brought with a companion action alleging liability for negligence arising out of the same facts."*

As to the second question, it is well settled that a directed verdict is improper if, viewing the evidence in the light most favorable to the nonmoving party, reasonable men could honestly differ. See *Sparks* v. *Ludlow* (1963), 372 Mich 198. It follows then that if there is a single material issue of fact from which reasonable men could draw different conclusions, the case must be allowed to go to the jury.

The record discloses testimony stating that after plaintiff Arthur Manuel was first assaulted, several minutes elapsed before defendant's bartender intervened in the altercation. The trial court, in reviewing the standards of care set forth in *Gorby* v. *Yeomans* (1966), 4 Mich App 339, correctly noted that there is a duty on the part of the tavernkeeper "to stop a fight as soon as possible after it is started." The trial judge went on to say, "the testimony elicited here would indicate that the two bartenders came to the aid of this plaintiff, one by jumping over the bar and the other by running around it when the plaintiff was thrown to the floor by Carrigan." However, plaintiff Arthur Manuel had testified on direct examination, and again on cross-examination, that a significant period of time elapsed after plaintiff was first assaulted and before he finally fell to the floor.

We feel that reasonable men might say that the fight actually began when plaintiff Arthur Manuel was grabbed from behind and struggled to free himself and that the tavern keeper's duty arose at that point. The trial judge evidently assumed that

---

* See, also, *De Villez* v. *Schifano, ante,* p 72.—REPORTER.

the fight (and defendant's duty) commenced only after plaintiff was forced to the floor. We find that the question of when the fight commenced (and defendant's duty to intercede arose) is a question for the jury. Whether the actions of defendant's bartenders complied with the duty as set forth in *Gorby* v. *Yeomans, supra,* was a question for the jury.

In the event plaintiffs prevail on retrial, the amount of the verdict in any judgment should be reduced by the sum representing the settlement, reached under the dramshop count.

Reversed and remanded.