LOCKLEAR v STINSON

Docket No. 92801. Submitted June 17, 1987, at Lansing. Decided July 21, 1987.

Jerry Locklear and John J. Stinson were inside a bar operated by Arcade Saloon, Inc., and Van Dyke Sports Center when they commenced an altercation. Employees of the bar ejected Stinson, but Stinson waited in the parking lot and the altercation resumed when Stinson gave chase to Locklear while both were in their respective automobiles. Locklear's car collided with that of a third party. Stinson stopped at the scene of the collision and the confrontation resulted in Stinson's being stabbed by Locklear with a knife. Locklear then fled from the scene in his automobile and became involved in a fatal crash. Harriet Locklear, individually and as personal representative of the estate of decedent Jerry Locklear, and others brought an action in the Oakland Circuit Court against Stinson and the operators of the bar, alleging, inter alia, negligence by the bar operators. The trial court, John N. O'Brien, J., denied defendant bar operators' motion for summary disposition, in which it was contended that no duty was owed by defendant bar operators to the decedent once decedent left the bar. Defendant bar operators appealed by leave granted.

The Court of Appeals *held:*

The bar operators' duty of care as business invitors with respect to decedent ended once decedent left the premises.

Reversed.

1. NEGLIGENCE — ELEMENTS OF ACTION.

A prima facie case of negligence requires proof of (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty, (3) causation, and (4) damages.

2. NEGLIGENCE — DUTY.

Duty in a negligence action may be defined as an obligation to conform to a particular standard of conduct toward another to

REFERENCES

Am Jur 2d, Actions §§ 58 et seq.

Am Jur 2d, Negligence §§ 32 et seq.

See the annotations in the Index to Annotations under Negligence.

which the law will give effect and recognition; determining whether there exists a duty under a particular set of circumstances requires an examination of the reasonableness of the risk created by the defendant's conduct.

3. Negligence — Duty.
The question whether a duty exists is one of law for the court's resolution in an action based upon negligence.

4. Negligence — Summary Disposition — Duty — Court Rules.
Summary disposition may be granted in a negligence action if it is determined as a matter of law that defendant owed no duty to the plaintiff (MCR 2.116[C][8]).

5. Negligence — Business Invitees — Duty.
A business invitor owes a duty to invitees to maintain the business premises in a reasonably safe condition, exercising due care to prevent situations which the invitor knows or should know might result in injury.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *David S. Robinson, Jr.*), for plaintiff.

*Law Offices of Michael J. Brochert* (by *David S. Anderson*), for Arcade Saloon, Inc., and Van Dyke Sports Center.

Before: Danhof, C.J., and Doctoroff and T. M. Green,* JJ.

Per Curiam. Defendants appeal by leave granted from the circuit court's order denying their motion for partial summary disposition as to plaintiffs' premises-liability claim, MCR 2.116(C)(8).

The basis for plaintiffs' complaint is an incident that occurred on October 1, 1984, in and around defendants' bar. Plaintiffs allege that the decedent, Jerry Locklear, and defendant John Stinson were business invitees of defendant bar and became involved in an altercation while inside the bar. Plaintiffs allege that employees of the bar, acting

* Circuit judge, sitting on the Court of Appeals by assignment.

with actual notice of this dispute, ejected Stinson from the bar but allowed him to wait in the parking lot for the decedent.

When the decedent left the bar, he and Stinson allegedly continued the altercation, after which the decedent fled in his car with Stinson chasing him in his own vehicle.

The decedent's car collided with that of a third party on Van Dyke Avenue. Stinson stopped at the scene and the confrontation between the two men allegedly resumed, whereupon the decedent allegedly stabbed Stinson with a knife, fled in his vehicle, and became involved in a fatal crash.

Defendants' summary disposition motion was based on the premise that no duty was owed to the decedent as a business invitee since he had left the bar's premises when the fatal accident occurred.

The trial judge denied the motion, ruling that the claim he recognized as viable was the alleged breach of duty owed to the decedent while he was on the premises, that being his ejection from the bar into a dangerous situation in the parking lot about which defendants knew or should have known. We reverse.

In reviewing a grant of summary disposition under MCR 2.116(C)(8) for failure to state a claim upon which relief can be granted, this Court is obligated to accept as true all well-pled facts and to determine whether plaintiffs' claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. The motion tests the genuineness of a claim or defense by challenging the legal, not factual, adequacy of the pleadings. *Bolton v Jones*, 156 Mich App 642, 647-648; 401 NW2d 894 (1986).

A prima facie case of negligence requires proof of four elements: (1) a duty owed to the plaintiff by

the defendant; (2) breach of duty; (3) causation; and (4) damages. *Moning v Alfono*, 400 Mich 425, 437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). The primary element with which we are concerned here, that of "duty," has been defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct towards another. *Hetterle v Chido*, 155 Mich App 582, 587; 400 NW2d 324 (1986). Whether the law will impose such an obligation depends upon the relationship between the actor and the injured person. *Moning, supra*, pp 438-439. Determining whether there exists a duty under a particular set of circumstances requires an examination of the reasonableness of the risk created by the defendant's conduct. *Meyers v Robb*, 82 Mich App 549, 553; 267 NW2d 450 (1978), lv den 403 Mich 812 (1978).

The question whether a duty exists is one of law for the court's resolution. *Sponkowski v Ingham Co Rd Comm*, 152 Mich App 123, 127; 393 NW2d 579 (1986). In a negligence case, summary disposition is properly granted pursuant to MCR 2.116(C)(8) if it is determined as a matter of law that defendant owed no duty to the plaintiff. *New Hampshire Ins Group v Labombard*, 155 Mich App 369, 371; 399 NW2d 527 (1986).

It is undisputed that the decedent was defendants' business invitee. A business invitor owes a duty to invitees to maintain the premises in a reasonably safe condition, exercising due care to prevent situations which it knows or should know might result in injury. *Askew v Perry*, 131 Mich App 276, 278-279; 345 NW2d 686 (1983).

In *Gorby v Yeomans*, 4 Mich App 339, 343; 144 NW2d 837 (1966), this Court articulated the duty of a bar to its customers when it adopted the following rules of liability:

The duty of a tavern keeper to protect a patron from injury by another arises only when one or more of the following circumstances exists: (1) a tavern keeper allowed a person on the premises who has a known propensity for fighting; (2) the tavern keeper allowed a person to remain on the premises whose conduct had become obstreperous and aggressive to such a degree the tavern keeper knew or ought to have known he endangered others; (3) the tavern keeper had been warned of danger from an obstreperous patron and failed to take suitable measures for the protection of others; (4) the tavern keeper failed to stop a fight as soon as possible after it started; (5) the tavern keeper failed to provide a staff adequate to police the premises; and (6) the tavern keeper tolerated disorderly conditions.

Unlike the decedent in the instant case, the plaintiff in *Gorby, supra,* was injured while on the premises of the bar. On the facts of that case, this Court affirmed a jury verdict in plaintiff's favor, finding that the jury could have found one or more of the foregoing duties, breach of which was the proximate cause of plaintiff's injuries.

In this case, however, the decedent was injured away from the premises. Plaintiffs would have us extend defendants' duty as a business invitor by alleging that a breach of duty on the premises was the cause of the decedent's death away from the premises.[1]

We decline to do so; when the decedent left the

---

[1] Plaintiffs alleged in Count II of the complaint that defendants breached a duty owed to the decedent by:

    a) Failing to provide a staff adequate to police the premises and parking lot;

    b) Failing to prevent Defendant Stinson from waiting in the parking lot for Plaintiff's decedent;

    c) Failing to remove Defendant Stinson from the parking lot after his conduct had become obstreperous and aggressive to

premises and was no longer on the property owned or controlled by the defendants, the duty ended. *Swartz v Huffmaster Alarms Systems, Inc,* 145 Mich App 431, 437; 377 NW2d 393 (1985).

In this case, the trial judge erred by denying defendants' motion for partial summary disposition. Accordingly, the denial of defendants' motion is reversed.

Reversed.

such a degree that said Defendants knew, or should have known, that Defendant Stinson posed a danger to others;

d) Ejecting Plaintiff's decedent, without first asserting [sic] that Defendant Stinson had left the area.