FORMALL, INC v COMMUNITY NATIONAL BANK OF PONTIAC

Docket No. 95938. Submitted November 19, 1987, at Detroit. Decided March 7, 1988.

Community National Bank of Pontiac extended two loans and a revolving line of credit to Formall, Inc., whose founder was David J. Forshee. Forshee subsequently entered into an agreement selling all his shares in Formall to Form Plastics, Inc., a corporation wholly owned by Charles W. Jones. Payment by Form Plastics to Forshee was to be made at a later date. Community National thereafter declared Formall to be in default of its loans and revolving line of credit, applied funds from accounts Formall, Inc., maintained with it to the debt obligations, and advised Formall's debtors to make payments directly to Community National. Formall then merged with Form Plastics, with Form Plastics becoming the surviving corporation. Form Plastics then changed its name to Formall. Formall, Jones and Forshee brought an action in Oakland Circuit Court against Community National, alleging several counts. The trial court, George H. LaPlata, J., granted summary judgment in favor of defendant, which the Court of Appeals reversed. 138 Mich App 588 (1984). Formall declared bankruptcy and its trustee, Earl Erman, settled all of Formall's claims against defendant, leaving Jones and Forshee (hereafter plaintiffs) with claims against defendant. One of plaintiffs' claims was that defendant had tortiously interfered with their rights under the agreement between Forshee and Form Plastics by causing that agreement to fail due to Jones' inability to pay Forshee for the shares sold. Plaintiffs asserted that defendant deprived Formall of the necessary funds from which Forshee was to be paid. The trial court, Norman L. Lippitt, J., granted

REFERENCES

Am Jur 2d, Interference §§ 3 et seq.

Am Jur 2d, Pleadings §§ 306 et seq.

Liability of third party for interference with prospective contractual relationship between two other parties. 6 ALR4th 195.

Liability for interference with at will business relationship. 5 ALR4th 9.

Liability for interference with invalid or unenforceable contract. 96 ALR3d 1294.

summary disposition in favor of defendant, ruling that plaintiffs had failed to state a claim upon which relief can be granted, and denied plaintiffs' motions for reconsideration and leave to amend their pleadings. Plaintiff appealed.

The Court of Appeals *held:*

1. A review of plaintiffs' allegations does not indicate that defendant acted to induce, or for the purpose of causing, a breach of the agreement between Forshee and Form Plastics. Thus, under any recognized standard, plaintiffs have failed to state a claim of tortious interference with a contractual or business relationship.

2. The trial court did not abuse its discretion in denying plaintiffs' motion to amend their complaint since their proposed amendment would be futile in that it is legally insufficient on its face to state a claim of tortious interference with a contractual or business relationship against defendant.

Affirmed.

1. TORTS — INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATION-SHIPS.

One who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another.

2. TORTS — INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATION-SHIPS.

The interference alleged in an action for tortious interference with a contractual or business relationship must be illegal, unethical or fraudulent in addition to being intentional.

3. TORTS — INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATION-SHIPS.

The per se wrongful act alleged in an action for interference with a contractual or business relationship must be one that is inherently wrongful or one that is never justified under any circumstances; such act must also be one which in the ordinary course will infringe upon the rights of another to his damage, except it be done in the exercise of an equal or superior right.

4. PLEADING — AMENDMENT OF PLEADINGS.

The grant or denial of a motion to amend a party's pleadings is within the discretion of the trial court and will not be reversed absent an abuse of that discretion; a motion to amend pleadings should be granted unless the grant of the motion would be

unjust or futile; an amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face (MCR 2.118).

*Rickel, Earle & Wokas* (by *Donald L. Bramlage, Jr.*), for plaintiffs Charles W. Jones and David J. Forshee.

*Bodman, Longley & Dahling* (by *Kenneth R. Lango* and *Martha B. Goodloe*), for defendant.

Before: MacKenzie, P.J., and Doctoroff and P. J. Clulo,* JJ.

Doctoroff, J. Defendant's motion for summary disposition as to Counts v and vi of plaintiffs' complaint alleging tortious interference with contractual relations was granted on August 13, 1986. MCR 2.116(C)(8). Subsequently, the trial court denied plaintiffs' motions for reconsideration and for leave to file an amended complaint. Plaintiffs appeal as of right. We affirm.

Plaintiff David Forshee is the founder of Formall, Inc. In 1977, defendant made two loans to the corporation. At approximately the same time, defendant offered the corporation a revolving line of credit.

On April 30, 1981, defendant renewed the revolving line of credit. The loan, evidenced by a revolving credit note, was due on June 30, 1981, or upon demand.

On June 11, 1981, Forshee executed an agreement whereby he sold all of his stock in Formall, Inc., to Form Plastics, Inc., a corporation wholly owned by plaintiff Jones. However, Form Plastics did not pay for the stock at that time.

On June 30, 1981, Formall's revolving credit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

note came due but was not paid. Between that time and October, 1981, defendant made moderate attempts to collect the balance due, including discussing the possibility of refinancing the loan. Formall continued to make interest payments on the loan, but paid nothing on the past due principal.

On October 23, 1981, defendant declared Formall to be in default on the revolving credit note. It also declared the two 1977 promissory notes due and payable pursuant to the notes' cross-default provisions. Defendant then applied funds from accounts Formall maintained with it to the unpaid notes. Defendant also advised Formall's debtors to make payments directly to it.

On October 28, 1981, Formall merged with Form Plastics. Pursuant to the terms of the merger, Form Plastics became the surviving corporation. Form Plastics then changed its name to Formall.

Plaintiffs then filed a six-count complaint against defendant. The trial court granted defendant summary disposition on Count I, which was dispositive of the remaining counts. On November 5, 1984, this Court reversed and remanded to the trial court. 138 Mich App 588; 360 NW2d 902 (1984).

In the interim, Formall declared bankruptcy. The trustee in bankruptcy settled all of Formall's claims against defendant. Count IV was previously dismissed. The only claims then pending were those of Forshee and Jones.

In Counts V and VI, plaintiffs Forshee and Jones alleged tortious interference with contractual relations. They contend that defendant, through its acts and omissions, tortiously interfered with their rights under their June 11, 1981, agreement by causing the contract to fail due to Jones' inability to pay Forshee for the stock. They assert that

defendant deprived Formall of the necessary funds from which Forshee was to be paid. Specifically, plaintiffs state that defendant's acceptance of interest payments after the revolving credit note came due, its failure to make formal demand for payment, and its implicit encouragement of negotiations between Formall, Jones, and a third party for sale of Formall led them to believe that strict compliance with the terms of the note were not required. Therefore, plaintiffs posit, defendant's conduct operated as a waiver of strict compliance and imposed a duty on it to notify Formall that timely payment would be insisted upon prior to declaring a default.

Defendant filed a motion for summary disposition, MCR 2.116(C)(8), which the trial court granted.

Subsequently, plaintiffs filed motions for reconsideration and to amend their complaint. The trial court denied the motions, and clarified its earlier ruling, stating that summary disposition was proper and reconsideration should be denied because plaintiffs failed to state a cause of action for tortious interference with contractual relations under the test enunciated in *Feldman v Green,* 138 Mich App 360; 360 NW2d 881 (1984), lv den 422 Mich 961 (1985), which was advanced by defendant, and under the test enunciated in *Dassance v Nienhuis,* 57 Mich App 422; 225 NW2d 789 (1975), a case which plaintiffs urged this Court to follow. The trial court also ruled that reconsideration should be denied because plaintiffs had no standing to assert an individual cause of action, since the alleged harm was suffered by the corporation and not by plaintiffs independent of their status as shareholders.

Additionally, the trial court denied plaintiffs' motion to amend, citing as reasons for its denial

that plaintiffs lacked standing to assert the cause of action, that the amendment would be futile since plaintiffs could not state a claim on which relief could be granted, and that plaintiffs had not been diligent in seeking leave to amend, doing so 3½ years after they were first aware that amendment was necessary and after the time set by the court for amendments had passed.

I

Plaintiffs first claim that the trial court erred by granting defendant's motion for summary disposition because their complaint states a cause of action for tortious interference with a contract under the standard articulated in *Dassance, supra.* They contend that a review of the allegations found in their complaint indicates that defendant knew, with substantial certainty, that its actions in declaring a default and seizing Formall's account balances and receivables would result in their inability to make payment under the June 11, 1981, agreement between Formall and Form Plastics.

A motion for summary disposition for failure to state a claim upon which relief can be granted, MCR 2.116(C)(8), tests the legal sufficiency of the claim as determined from the pleadings alone. All factual allegations are accepted as true along with any inferences or conclusions which may fairly be drawn from them. The motion should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Tyrna v Adamo, Inc,* 159 Mich App 592, 597; 407 NW2d 47 (1987).

In *Dassance, supra,* p 433, a panel of this Court held that the elements of a tortious interference

with contractual relations are (1) defendant's knowledge of the contract and (2) his unauthorized interference with it. Malice or wrongful intent is not a prerequisite to liability. *Id.* Plaintiffs claim that they had drafted their original pleadings with *Dassance* in mind.

The Court in *Feldman* reviewed the case law surrounding tortious interference with contractual relations claims and noted:

> As a result, the bar has argued that a conflict exists in this Court on the issue of what constitutes an actionable interference with a contractual or business relationship. We find no conflict. However, in *Dassance, supra,* this Court erroneously applied the reasoning of the majority in *Meyering v Russell, supra* [53 Mich App 695; 220 NW2d 121 (1974), rev'd 393 Mich 770; 224 NW2d 280 (1974), appeal after remand, 85 Mich App 547; 272 NW2d 131 (1978)], apparently before receiving knowledge of the Supreme Court's reversal which was announced just days before *Dassance* was decided. *Dassance* is not good law on the question now before us. [*Feldman, supra,* p 371.][1]

In reversing this Court's decision in *Meyering, supra,* the Supreme Court adopted from this Court's decision the dissenting opinion of Justice O'HARA (retired and sitting on the Court of Appeals by assignment). Justice O'HARA's dissent held that tortious interference with contractual relations is not made out where there is no showing of "unlawful methods" or "illegal means." 53 Mich App 710.

According to *Feldman,* the test for determining whether a plaintiff has alleged a claim of tortious

[1] Although the trial court's opinion erroneously stated that *Feldman* overruled *Dassance,* it is clear that *Dassance* is no longer good law for the reasons articulated in *Feldman.*

interference with contractual relations is different from that articulated in *Dassance:*

> We hold that one who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another. [*Feldman, supra,* p 378.]

See also *Christener v Anderson, Nietzke & Co, PC,* 156 Mich App 330, 348; 401 NW2d 641 (1986); *Trepel v Pontiac Osteopathic Hospital,* 135 Mich App 361, 376-377; 354 NW2d 341 (1984), lv den 422 Mich 853 (1985). The *Feldman* panel also stated that a plaintiff must demonstrate, with specificity, affirmative acts by the interferer which corroborate the unlawful purpose of the interference. *Feldman, supra,* pp 369-370.

In *Trepel, supra,* a panel of this Court reviewed a claim for tortious interference with contractual relations and endorsed the approach taken by *Weitting v McFeeters,* 104 Mich App 188, 197; 304 NW2d 525 (1981). The *Weitting* Court, relying on 4 Restatement Torts, 2d, § 766B, stated that the interference with a business relationship must be improper in addition to ' being intentional. Improper means illegal, unethical, or fraudulent. 104 Mich App 198; *Trepel, supra,* p 374. As defendant correctly notes, even cases which cited *Dassance* consistently required that defendant's conduct be "without justification." See, e.g., *Woody v Tamer,* 158 Mich App 764, 774; 405 NW2d 213 (1987); *Derosia v Austin,* 115 Mich App 647, 654; 321 NW2d 760 (1982), lv den 417 Mich 949 (1983); *Northern Plumbing & Heating, Inc v Henderson Bros, Inc,* 83 Mich App 84, 92; 268 NW2d 296 (1978), lv den 405 Mich 845 (1979).

Plaintiffs concede that the requirements enunciated under the second test in *Feldman* were not present in their pleadings. However, they maintain that they have satisfied the alternative test under *Feldman* for conduct which is "per se wrongful," pointing to the definition of "wrongful act" found in *Feldman*. However, plaintiffs have failed to note a pertinent portion of the definition:

> [A] "wrongful act" is any act which in the ordinary course will infringe upon the rights of another to his damage, *except it be done in the exercise of an equal or superior right.* [*Feldman, supra,* p 371, n 1. Emphasis supplied.]

A "per se wrongful act" is an act that is inherently wrongful or one that is never justified under any circumstances.

In this case, defendant's actions in securing Formall's payment on a loan which was past due is not "per se wrongful." This Court recently held that defendants motivated by legitimate personal and business reasons are shielded from liability against this cause of action. See *Christener, supra,* pp 348-349. Plaintiffs have thus failed to state a cause of action under the *Feldman* test.

Even if *Dassance* were good law, plaintiffs have failed to state a cause of action under that standard. As the trial court found, while there need not necessarily be malice or wrongful intent, there must be some type of inducement or purposeful interference. The trial court's opinion stated:

> Under this Court's reading of *Dassance,* Plaintiff must allege something more than an omission or breach of an alleged duty which, as an incidental effect, affected the contract in question. This Court's interpretation of *Dassance* (as requiring inducement or purposeful interference with the

contract rather than merely an incidental effect) is supported inasmuch as the *Dassance* Court cited *Meyering v Russell,* 53 Mich App 695 (1975) approvingly as follows:

"Appellants concede the damages may be awarded where a tortious interference with anothers [sic] contractual right occurs, but assert that the rule requires intentional doing of a wrongful act or other conduct indicating malice. Early cases did hold that malice was a prerequisite to liability but, as the law evolved, malice became less and less important. *Today, liability may be found if the interference is by inducement or is purposeful interference. . . . Dassance,* p 433."

Clearly, *Dassance* abolished the requirement that there be allegations of malice or wrongful intent as a prerequisite to stating a cause of action for tortious interference with contract. However, by no means did *Dassance* abolish the requirement that there be some type of inducement or purposeful intereference [sic].

A review of the allegations does not indicate that the bank acted either to induce, or for the purpose of causing, a breach of the plaintiffs' purchase agreement. Therefore, plaintiffs failed to state a claim under either *Feldman* or *Dassance.*

Our disposition of this matter renders it unnecessary to address plaintiffs' lack of standing, the trial court's additional basis for denying plaintiffs' motion for reconsideration. See *Parsonson v Construction Equipment Co,* 18 Mich App 87, 90; 170 NW2d 479 (1969), aff'd 386 Mich 61; 191 NW2d 465 (1971).

II

Plaintiffs next assert that in the event their complaint does not state a claim for tortious interference with contractual relations, they should have been allowed to amend their complaint pur-

suant to MCR 2.116(I)(5)[2] and MCR 2.118.[3] They contend that defendant was put on notice as early as November, 1982, that they intended to pursue a claim of tortious interference with contractual relations and that, since their complaint had survived at least two previous summary disposition motions, they had a reasonable right to believe that their pleadings were sufficient. They also assert that because defendant's motion for summary disposition was allowed to be heard approximately six weeks after the cutoff date for such motions, the trial court should have allowed them the opportunity to amend.

In support of its argument that the trial court properly denied plaintiffs' motion to amend their complaint, defendant contends that plaintiffs' proposed amendment demonstrates that they could not allege tortious interference with contractual relations under the standard articulated in *Feldman, supra.* Defendant also contends that the trial court's pretrial conference order should control since no manifest injustice has been shown pursuant to MCR 2.401(C)(4) to necessitate modification of the order's cutoff date for amendments.

The grant or denial of a motion to amend a party's pleadings is within the discretion of the

[2] MCR 2.116(I)(5) provides:

> If the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified.

[3] MCR 2.118 provides in relevant part:

> (A)(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

trial court and will not be reversed absent an abuse of that discretion. *Burse v Wayne Co Medical Examiner,* 151 Mich App 761, 767; 391 NW2d 479 (1986). Entry of a grant of summary disposition in favor of the defendant does not preclude amendment of the plaintiffs' complaint. *Midura v Lincoln Consolidated Schools,* 111 Mich App 558, 561; 314 NW2d 691 (1981). However, amendment must be by leave of the court. *Schimmer v Wolverine Ins Co,* 54 Mich App 291, 298; 220 NW2d 772 (1974). Generally, a motion to amend is granted unless it would be unjust or futile. *Burse, supra,* p 767. An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face. *Early Detection Center, PC v New York Life Ins Co,* 157 Mich App 618, 625; 403 NW2d 830 (1986). In the present case, even plaintiffs' proposed amended complaint fails to allege a cause of action for tortious interference with contractual relations. Therefore, allowance of the amendment would be futile. See *Ray v Taft,* 125 Mich App 314, 324; 336 NW2d 469 (1983); *Biff's Grills, Inc v State Highway Comm,* 75 Mich App 154, 160; 254 NW2d 824 (1977), lv den 401 Mich 827 (1977). A trial court does not abuse its discretion by refusing to permit an amendment when the amendment would be futile. *Burse, supra,* p 768.

Our disposition of this matter renders it unnecessary to address the alternative bases for the trial court's denial of plaintiffs' motion to amend. See *Parsonson, supra,* p 90.

Affirmed.