DeMARE v WOODBRIDGE 1985, INC

Docket No. 110803. Submitted October 10, 1989, at Detroit. Decided February 20, 1990.

Brian DeMare and others brought an action in the Wayne Circuit Court against Woodbridge 1985, Inc., doing business as Nino's Taboo, and Girardo Napoles alleging that Nino's Taboo breached its duty to maintain its premises in a safe condition for business invitees. DeMare had been involved in an altercation with Napoles outside Nino's Taboo. Taboo employees separated the two and they each drove off. Five hundred feet down the street from Nino's Taboo, DeMare was stopped and shot by Napoles. The court, Robert J. Colombo, Jr., J., granted summary disposition in favor of Nino's Taboo, holding that the duty to DeMare ended when he left the premises. Plaintiffs appealed.

The Court of Appeals *held:*

The possessor of land has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. This duty ends when the invitee has left the premises and is no longer on the property owned or controlled by the defendant. For a defendant to have a duty to invitees as to the condition of the public way, plaintiff must show that defendant had physically intruded upon the area in some manner or had done some act which either increased the existent hazard or created a new hazard. Plaintiffs did not allege any intrusion or act increasing the hazard or creating a hazard down the street.

Affirmed.

Neff, J., dissented. She would hold that the plaintiffs' allegations that the street was under Taboo's control and the factual allegation on appeal that the street was used for valet and patron parking were sufficient to withstand a motion for summary disposition for failure to state a claim, as it is possible

REFERENCES

Am Jur 2d, Premises Liability §§ 45, 524, 756.

Tavernkeeper's liability to patron for third person's assault. 43 ALR4th 281.

that proper factual development could justify a right to recovery. She would reverse.

1. Negligence — Duty.

The question whether a duty exists is one of law for the court's resolution in an action based upon negligence.

2. Negligence — Summary Disposition — Duty — Court Rules.

Summary disposition may be granted in a negligence action if it is determined as a matter of law that defendant owed no duty to the plaintiff (MCR 2.116[C][8]).

3. Negligence — Duty — Possessors of Land — Invitees.

The possessor of land has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land; this duty ends when the invitee has left the premises and is no longer on the property owned or controlled by the defendant.

4. Negligence — Duty — Public Ways.

For a defendant possessor of land to have a duty to invitees as to the condition of the public way, a plaintiff must show that defendant had physically intruded upon the area in some manner or had done some act which either increased the existent hazard or created a new hazard.

*Campbell, O'Brien & Mistele, P.C.* (by *Joseph V. Brennan*), for plaintiffs.

*Plunkett & Cooney, P.C.* (by *Robert H. Martin* and *Deanna E. Hazen*), for defendant.

Before: Sawyer, P.J., and Weaver and Neff, JJ.

Weaver, J. Plaintiffs appeal from the order granting defendant Nino's Taboo's motion for partial summary disposition, dismissing count II, premises liability. We affirm.

Plaintiff Brian DeMare (hereinafter DeMare) was involved in an altercation with defendant Girardo Napoles when both were waiting for their cars after leaving Nino's Taboo, a nightclub. They were separated by Taboo's employees, and both drove away. Five hundred feet down the street

from Taboo, DeMare was stopped and shot by Napoles and received serious injuries. Plaintiffs allege that Taboo breached its duty to maintain its premises in a safe condition for business invitees. In granting partial summary disposition in favor of Taboo, the trial judge found that plaintiff had left the premises and Taboo's duty had ended.

Defendant moved for summary disposition on the ground that plaintiffs had failed to state a claim upon which relief could be granted. A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community Nat'l Bank of Pontiac,* 166 Mich App 772, 777; 421 NW2d 289 (1988). All factual allegations in support of the claim are accepted as true, as well as all inferences which can be fairly drawn from those facts. *Mills v White Castle System, Inc,* 167 Mich App 202, 205; 421 NW2d 631 (1988), lv den 431 Mich 880 (1988). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988).

The question of whether a duty exists is one of law for the court's resolution. In a negligence case summary disposition is properly granted under MCR 2.116(C)(8) if it is determined as a matter of law that defendant owed no duty to plaintiff. *Locklear v Stinson,* 161 Mich App 713, 718; 411 NW2d 834 (1987). The general rule is that there is no duty obligating one person to aid or protect another. Exceptions to this rule arise when a special relationship exists between plaintiff and defendant. Owners and occupiers of land are in such a special relationship with their invitees. The possessor of land has a duty to exercise reasonable

care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495; 418 NW2d 381 (1988). This duty ends when the invitee has left the premises and is no longer on the property owned or controlled by the defendant. *Locklear v Stinson, supra.*

On appeal plaintiffs argue that potential liability exists because DeMare was injured on property owned or controlled by Taboo. In the petition plaintiffs allege that DeMare was injured "at the intersection of Woodbridge and Orleans in the City of Detroit, approximately 500 feet from the entrance to defendant Taboo." For Taboo to have a duty as to the condition of the public way, plaintiffs must show that Taboo had physically intruded upon the area in some manner or had done some act which either increased the existent hazard or created a new hazard. *Berman v LaRose*, 16 Mich App 55; 167 NW2d 471 (1969). In their petition plaintiffs allege that DeMare was injured while he and Napoles "were in the vicinity and within the control of defendant Taboo." This is not sufficient to establish that Taboo owed DeMare a duty as to the condition of the public street some five hundred feet away from its entrance.

Appellants also assert that Taboo was aware of the danger presented by Napoles and breached its duty to warn DeMare of this danger while he was in the valet service area. However, the injury did not take place on Taboo's premises. Taboo's duty to DeMare ended when he left the premises. *Locklear v Stinson, supra.*

We are not persuaded by plaintiffs' arguments. The trial judge did not err in granting defendant Nino's Taboo's motion for partial summary disposition. We affirm the judgment below.

Affirmed.

Sawyer, P.J., concurred.

Neff, J. *(dissenting).* I respectfully dissent. In my opinion, plaintiffs properly pled the existence of a duty sufficient to overcome a motion for summary disposition on the basis of MCR 2.116(C)(8).

The owner or possessor of land is required to take reasonable precautions to protect an invitee from foreseeable dangers. The law of this state does not, however, ordinarily impose a duty of care on the possessor of land beyond the area over which he has possession or control. *Rodriguez v Detroit Sportsmen's Congress,* 159 Mich App 265, 271; 406 NW2d 207 (1987), lv den 428 Mich 905 (1987).

As the majority correctly notes, plaintiffs' complaint does allege that DeMare was injured "at the intersection of Woodbridge and Orleans in the City of Detroit, approximately 500 feet from the entrance of Defendant Taboo." However, merely because DeMare was injured some five hundred feet from the entrance of defendant Taboo and on a public street does not mean that plaintiffs have failed to allege a duty owed to DeMare. Plaintiffs' complaint alleges that the adjoining property was within defendant Taboo's control. Whether the adjoining property was actually under defendant Taboo's control is a question of fact.

Plaintiffs' complaint alleges in part:

31. That as a business invitor, Defendant Taboo had a duty to keep and maintain the premises in a good and safe condition for all business invitees, especially said Plaintiff.

32. That the Defendant, disregarding said duty, did carelessly and negligently:

* * *

(b) Fail to warn Plaintiff Brian A. DeMare of the dangerous condition *then existing on the premises*;

* * *

(e) Fail to take reasonable measures of safety to protect business invitees *as they are still on the property within the control of Defendant Taboo*;

(f) Failing [sic] to take reasonable measures to permit a person to remain on premises [sic] whose conduct had become obstreperous and aggressive in such a degree that the Defendant knew, or in the exercise of reasonable care should have known, that the Defendant would endanger others *upon the premises or off the premises,* specifically your Plaintiff, Brian A. DeMare;

(g) Failing [sic] to take reasonable measures to remove a person from its premises who was known or suspected of carrying a firearm *while on the premises of Defendant Taboo* prior to the grievances and occurrences as alleged herein;

* * *

(i) Failing [sic] to provide a staff adequate to police *the adjoining property which is within the control of Defendant Taboo during its evening hours of operation* to ensure the safety of business invitees. [Emphasis supplied.]

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community National Bank of Pontiac,* 166 Mich App 772, 777; 421 NW2d 289 (1988). All factual allegations in support of the claim are accepted as true, as well as all inferences which can fairly be drawn from those facts. *Mills v White Castle System, Inc,* 167 Mich App 202, 205; 421 NW2d 631 (1988), lv den 431 Mich 880 (1988). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886

(1988). I do not believe that the claim is so clearly unenforceable as a matter of law that no factual development could justify a right of recovery.

The majority correctly states that, for Taboo to have a duty as to the condition of a public way, plaintiffs must show that Taboo intruded upon the area in some manner or had done some act which either increased the existent hazard or created a new hazard. On appeal, plaintiffs state that, to accommodate Taboo's operations and the need for convenient parking for its patrons, the City of Detroit has made Woodbridge Street available to the nightclub for parking. Plaintiffs also allege on appeal that Woodbridge, which is normally a two-way street, is made a one-way street and is used for valet and patron parking during the hours of Taboo's operations. In my opinion, proper factual development of the allegations in plaintiffs' complaint could justify a right of recovery.

Because plaintiffs pled that the adjoining areas were within defendant Taboo's control and because all allegations are to be taken as true when deciding a motion for summary disposition under MCR 2.116(C)(8), in my opinion, the trial court erred in granting summary disposition as to count II.

I would reverse.