SCHNEIDER v NECTARINE BALLROOM, INC (ON REMAND)

Docket No. 138330. Submitted October 14, 1993, at Lansing. Decided February 23, 1994, at 9:00 A.M.

Charles Schneider brought an action in the Washtenaw Circuit Court against Abdullah Berry, two other individuals, and Nectarine Ballroom, Inc., seeking damages for injuries allegedly sustained when the plaintiff and the individual defendants had altercations on Nectarine's business premises, a bar, and on the sidewalk in front of the premises after all the participants in the altercation had been ejected by Nectarine's employees. The individual defendants were dismissed from the action pursuant to the parties' stipulation. The court, Melinda Morris, J., granted summary disposition for the defendant with regard to the plaintiff's claim that defendant negligently ejected the plaintiff from its premises. The Court of Appeals, GRIFFIN, P.J., and SAWYER and MURPHY, JJ., denied the plaintiff's application for leave to appeal in an order dated May 14, 1990 (Docket No. 126488). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. *Schneider v Berry,* 437 Mich 919 (1991).

On remand, the Court of Appeals *held:*

1. The trial court erred in focusing solely on the situs of the injury in determining that the defendant owed the plaintiff no duty with regard to any injuries sustained off the defendant's premises.

2. Accepting the plaintiff's allegations as true, the injuries he sustained should have been reasonably foreseeable to the defendant and the situation could have been easily avoided. The defendant breached its duty to the plaintiff when its employees ejected the plaintiff into a known, obvious, and imminently dangerous situation. Liability should attach if the plaintiff can prove that his injuries, even though inflicted off the premises,

REFERENCES

Am Jur 2d, Hotels, Motels, and Restaurants § 112; Intoxicating Liquors § 557

Tavernkeeper's liability to patron for third person's assault. 43 ALR4th 281.

were not only foreseeable but a direct result of the breach of duty by the defendant.

Reversed and remanded.

Negligence — Duty — Tavern Keepers.

The duty of a tavern keeper to protect a patron from injury by another arises only when one or more of the following circumstances exists: the tavern keeper allowed a person on the premises who has a known propensity for fighting; the tavern keeper allowed a person to remain on the premises whose conduct had become obstreperous and aggressive to such a degree the tavern keeper knew or should have known the person endangered others; the tavern keeper had been warned of danger from an obstreperous patron and failed to take suitable measures for the protection of others; the tavern keeper failed to stop a fight as soon as possible after it started; the tavern keeper failed to provide a staff adequate to police the premises; and the tavern keeper tolerated disorderly conditions.

*Green & Green* (by *Christine A. Green*), for the plaintiff.

*Miller & Tupper* (by *Todd J. Miller*), for the defendant.

ON REMAND

Before: McDonald, P.J., and Gribbs and D. A. Johnston, III,* JJ.

Per Curiam. Plaintiff appeals from a February 14, 1990, order granting a motion for summary disposition by Nectarine Ballroom, Inc. (hereafter defendant), with regard to count II of plaintiff's complaint, alleging defendant negligently ejected plaintiff from its premises. This Court initially denied plaintiff's application for leave to appeal, but our Supreme Court has remanded the matter to this Court for consideration as on leave granted.

* Circuit judge, sitting on the Court of Appeals by assignment.

*Schneider v Berry,* 437 Mich 919 (1991). We reverse.

Plaintiff commenced this action against the defendant and three individuals, seeking damages from defendant for injuries he sustained during an altercation with the individual defendants. The individual defendants were dismissed from the action pursuant to the parties' stipulation. The altercation occurred both on and off defendant's business premises. Count I of plaintiff's complaint addresses plaintiff's claim for injuries sustained inside the bar, while count II contains plaintiff's claim for injuries sustained after defendant's security personnel ejected both plaintiff and his alleged assailants from the bar.

Defendant moved for partial summary disposition pursuant to MCR 2.116(C)(8) and (10) claiming it owed no duty to plaintiff for incidents occurring off its business premises. At the hearing for the motion, plaintiff's attorney argued the breach of the duty occurred on the premises when plaintiff was negligently ejected from the bar into the waiting arms of the assailants and that the off-premises location, the sidewalk in front of the bar, was merely the situs of the injuries.

Plaintiff's deposition indicates the altercation inside the bar erupted after two men began harassing his friend when she left the table to go to the rest room. When his friend returned to the table, plaintiff moved her to his side and told her to ignore the men. As plaintiff told one of the men to relax and drop the matter, he was hit in the eye. A fight ensued. Plaintiff, allegedly weak and ready to pass out, was escorted to the door. Plaintiff was allowed to sit in the vestibule area while the bouncer left to help eject other participants in the fight. After three other men were ejected,

plaintiff was allegedly told to leave and pushed out the door. As soon as plaintiff was out the door, one of the three men previously ejected put his arm around plaintiff's neck and held him in a headlock. An eyewitness to the assault confirmed in part plaintiff's version, reporting to the police that a male was dragged toward a curb and beaten by two men.

The trial court granted defendant's motion for summary disposition, finding defendant owed plaintiff no duty with regard to any injuries sustained off the premises. Plaintiff appeals, arguing the court erred in focusing solely on the situs of the injury when determining defendant owed plaintiff no duty. We agree.

A prima facie case of negligence requires proof of four elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) causation; and (4) damages. *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977). At issue in this case is the trial court's finding defendant bar owed plaintiff no duty. The question whether a duty exists is one of law for the court's resolution. In a negligence action, summary disposition is properly granted pursuant to MCR 2.116(C)(8) if it is determined as a matter of law the defendant owed no duty to the plaintiff. The duty owed by a bar to its customers was set forth in *Gorby v Yoemans,* 4 Mich App 339, 343; 144 NW2d 837 (1966), where a panel of this Court adopted the following rules of liability:

> The duty of a tavern keeper to protect a patron from injury by another arises only when one or more of the following circumstances exists: (1) a tavern keeper allowed a person on the premises who has a known propensity for fighting; (2) the tavern keeper allowed a person to remain on the premises whose conduct had become obstreperous

and aggressive to such a degree the tavern keeper knew or ought to have known he endangered others; (3) the tavern keeper had been warned of danger from an obstreperous patron and failed to take suitable measures for the protection of others; (4) the tavern keeper failed to stop a fight as soon as possible after it started; (5) the tavern keeper failed to provide a staff adequate to police the premises; and (6) the tavern keeper tolerated disorderly conditions.

Plaintiff's complaint clearly alleges defendant, having been warned of the danger posed by his assailants, not only failed to take suitable measures to protect him, but in fact increased the risk of harm by actively ejecting him into the danger. Plaintiff's complaint therefore appears to set forth an unassailable duty and an alleged breach thereof by defendant. However, because the injuries suffered by defendant were apparently inflicted on the sidewalk in front of defendant bar, rather than on defendant's premises, the trial court, relying on *Locklear v Stinson,* 161 Mich App 713; 411 NW2d 834 (1987), found defendant owed plaintiff no duty and therefore was not liable for plaintiff's injuries.

In *Locklear,* the plaintiff's decedent was involved in an altercation in and around the defendant bar. The plaintiff filed a complaint alleging that although the defendant bar ejected Stinson, the decedent's assailant, from the bar, its employees allowed Stinson to remain in the parking lot. When the decedent left the bar, the altercation continued. Ultimately, the decedent fled in his vehicle with Stinson pursuing him in his own vehicle. After a collision with a third party, the confrontation continued and the decedent stabbed Stinson. The decedent fled in his vehicle and became involved in a fatal crash.

A panel of this Court reversed the trial court's denial of the defendant bar's motion for summary disposition stating in part:

> [T]he decedent was injured away from the premises. Plaintiffs would have us extend defendants' duty as a business invitor by alleging that a breach of duty on the premises was the cause of the decedent's death away from the premises.
>
> We decline to do so; when the decedent left the premises and was no longer on the property owned or controlled by the defendants, the duty ended. [*Id.,* pp 717-718.]

To whatever extent the *Locklear* opinion or subsequent cases relying on *Locklear*[1] may be read to preclude recovery on the basis of an alleged lack of duty in every case where the injury occurs off the premises, we disagree and decline to follow it.

Given the fact the injury sustained by the plaintiff in *Locklear* was not only inflicted off the defendant bar's premises, but several blocks from the premises under circumstances clearly unforeseeable to the defendant bar, we do not disagree with the result reached by the *Locklear* panel. However, as previously mentioned, to whatever extent the opinion intimates liability may not attach under *any* circumstances where the injury occurs off the premises, we disagree and decline to follow it.[2]

Unlike the situation in *Locklear,* accepting

[1] See *DeMare v Woodbridge 1985, Inc,* 182 Mich App 356; 451 NW2d 871 (1990).

[2] Other states that address the question and find the existence of a duty with regard to off-premises injuries include Minnesota, see *Alholm v Wilt,* 348 NW2d 106 (Minn App, 1984); Indiana, see *Ember v BFD, Inc,* 490 NE2d 764 (Ind App, 1986); Arizona, see *McFarlin v Hall,* 127 Ariz 220; 619 P2d 729 (1980); Florida, see *Holiday Inns, Inc v Shelburne,* 576 So 2d 322 (Fla App, 1991); and Wyoming, see *White v HA, Inc,* 782 P2d 1125 (Wy, 1989).

plaintiff's allegations as true, the injuries he sustained should have been reasonably foreseeable to defendant and the situation could have been easily avoided without much difficulty.[3] Plaintiff does not assert and, thus, we do not address, whether defendant owed plaintiff a duty to ensure his assailants had vacated the area once they had been ejected. Instead, plaintiff contends, and we agree, defendant breached its duty to plaintiff when its employees allegedly affirmatively ejected plaintiff into a known, obvious, and imminently dangerous situation. If plaintiff can prove his injuries, even though inflicted off the premises, were not only foreseeable but a direct result of the breach, liability should attach.

The court improperly dismissed plaintiff's action on the basis of a finding defendant owed plaintiff no duty with regard to his injuries for the sole reason that they were inflicted off defendant's premises.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

---

[3] The foreseeability of harm is a factor to consider when determining whether to impose a duty of care upon a defendant. *Dykema v Gus Macker Enterprises, Inc,* 196 Mich App 6; 492 NW2d 472 (1992).