940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRUCKING SERVICES, INC., Plaintiff-Appellant Cross-Appellee,
v.
TRITON TRANSPORT SERVICES, INC., Defendant-Appellee Cross-Appellant.
 Nos. 90-1086, 90-1171.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1991.
 
 Before MERRITT, Chief Circuit Judge, KENNEDY and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Trucking Services, Inc. ("Trucking Services"), appeals the district court's dismissal of its lawsuit against defendant, Triton Transport Services, Inc. ("Triton"), pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. It also challenges the court's award to Triton of Fed.R.Civ.P. 11 sanctions. Triton cross-appeals the amount of sanctions it was awarded.
 
 
 2
 On February 14, 1989, Trucking Services filed suit alleging that Triton solicited and hired away some of its key employees, and that this conduct amounted to tortious interference with prospective economic advantage, interference with contractual relations, and disparagement of business reputation. It also sought a temporary restraining order and preliminary injunctive relief to preclude Triton from hiring its employees. On February 17, the district court denied that relief and, on May 17, granted Triton's motion to dismiss the complaint and awarded $125 to Triton for the cost incurred in responding to the motion for a preliminary injunction.
 
 
 3
 On June 1, Trucking Services filed a motion to alter or amend the judgment of dismissal, and for leave to amend its complaint; an amended complaint was tendered. The district court denied the motion, saying it was untimely because it had not been filed within ten days after the entry of the dismissal order as required by Fed.R.Civ.P. 59(e), and because Trucking Services could have sought to amend its complaint earlier, in response to either the motion to dismiss or at oral argument.
 
 
 4
 Whether a district court correctly dismisses a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir), cert. denied, 111 S.Ct. 182 (1990). In appraising the sufficiency of a complaint, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador, 902 F.2d at 475.
 
 
 5
 In its complaint, Trucking Services alleged that its business involved moving freight on trailers compatible for movement both by truck and rail; that it moved large amounts of this traffic for Triple Crown Services, Inc., an affiliate of the Norfolk Southern Railway System; that by hiring away key employees, Triton intended to render Trucking Service unable to continue that service; and that Triton would then be in a favorable position to service Triple Crown. A cause of action for tortious interference, with either a business relationship or a contractual relationship, requires proof of interference that is both intentional and improper. Formall, Inc. v. Community Nat'l Bank of Pontiac, 166 Mich.App. 772, 779, 421 N.W.2d 289, 293 (1988). Because the complaint simply characterizes a vigorous competitive effort by Triton, Trucking Service cannot be said to have alleged improper conduct. Furthermore, Trucking Services failed to allege any facts from which one could conclude that Triton's conduct was directed at inducing Triple Crown to terminate a contractual business relationship with Trucking Services; what is alleged is that should Triton succeed in competing, Trucking Services in the future might not be able to obtain as much business from Triple Crown.
 
 
 6
 Trucking Services also alleged that Triton disparaged its business reputation "by malicious communication to the third persons of falsehoods." The district court concluded that Michigan courts do not recognize a cause of action for disparagement of a business reputation, and are not likely to do so in the future. Certainly, Trucking Services has not been able to point to cases or trends that indicate that Michigan courts do or can be expected to recognize a cause of action for disparagement beyond that currently recognized for disparagement of title to property. Accordingly, we are unable to say that the district court erred in this regard.
 
 
 7
 Trucking Services argues that its motion to alter or amend actually was filed within the ten days permitted by Fed.R.Civ.P. 59(e), a point not contested by Triton. We agree that the district court erred in its computation of time, since Memorial Day fell within the ten days, thus extending the time.
 
 
 8
 The court also said that the motion was untimely on another basis--that Trucking Services "had sufficient opportunity to raise a request to amend the complaint either in a written response to defendant's motion to dismiss or at the hearing held on the motion." However, even where a plaintiff seeks to amend his complaint after judgment has been rendered against him (at least under circumstances where that judgment is not the product of a trial) and is unable to justify his delay in seeking the amendment, the delay will not be enough to overcome the liberal amendment practice of Fed.R.Civ.P. 15(a), in the absence of prejudice or other extraordinary circumstances. Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986).
 
 
 9
 The Court of Appeals also erred in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint. As appears from the record, the amendment would have done no more than state an alternative theory for recovery.
 
 
 10
 Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.
 
 
 11
 Foman v. Davis, 371 U.S. 178, 182 (1962) (citation omitted). Because there was no showing of undue delay, bad faith, repeated failure, or undue prejudice, the district court abused its discretion in denying the motion without first parsing the tendered amended complaint to determine if allowing it to be filed would prove futile, for the reason that it too would fail to state a cause of action. Accordingly, the cause must be remanded for that determination.
 
 
 12
 Under Fed.R.Civ.P. 11, the standard used to determine whether sanctions are appropriate is one of reasonableness under the circumstances. INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied sub nom. Garratt v. INVST Financial Group, 484 U.S. 927 (1987). While Trucking Services argues that the Rule 11 sanctions were unwarranted, and Triton contends in its cross-appeal that the amount imposed was not adequate, we are unable to say that the district court abused its discretion in either regard. Although $125 may not have fully compensated Triton for its expenses in defending against the motion for injunctive relief, and compensation is a factor to be determined when attorney fees are awarded as a sanction, deterrence is a more important goal. Jackson v. Law Firm, 875 F.2d 1224 (6th Cir.1989).
 
 
 13
 Accordingly, the orders of the district court are affirmed in part and reversed in part, and this cause is remanded to the district court for further proceedings consistent with this opinion.