ROBERTS v PINKINS

Docket No. 100737. Submitted June 27, 1988, at Detroit. Decided September 20, 1988. Leave to appeal applied for.

Derinda Roberts was kidnapped, taken to a vacant building owned by Pollie Pinkins and managed by Eugene Gilmer, Jr., and New Center Realty, Inc., and assaulted. She brought an action in the Wayne Circuit Court against Pinkins, Gilmer and New Center for damages for negligence. The court, Thomas J. Foley, J., granted summary disposition for defendants. Plaintiff appealed.

The Court of Appeals *held:*

A landowner has no liability to a victim for criminal acts committed on his property by a third party in the absence of a special relationship between himself and the victim. Plaintiff failed to allege facts giving rise to a special relationship.

Affirmed.

1. PLEADING — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM.

A motion for summary disposition based on the ground that the opposing party has failed to state a claim on which relief can be granted tests the legal sufficiency of the pleadings alone; all well-pled allegations must be taken as true and the motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (MCR 2.116[C][8]).

2. PLEADING — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM.

A mere statement of the pleader's conclusions unsupported by allegations of fact upon which they may be based will not suffice to state a cause of action sufficient to prevent the

REFERENCES

Am Jur 2d, Negligence §§ 33 *et seq.*

Am Jur 2d, Premises Liability §§ 23 *et seq.*

Am Jur 2d, Summary Judgment §§ 26 *et seq.*.

Liability of owner or operator of shopping center, or business housed therein, for injury to patron on premises from criminal assault by third party. 93 ALR3d 999.

Parking facility proprietor's liability for criminal attack on patron. 49 ALR4th 1257.

granting of summary disposition against the pleader on the ground that he failed to state a claim on which relief can be granted (MCR 2.116[C][8]).

3. NEGLIGENCE — DUTY.
The question whether a duty exists is one of law for the court's resolution in an action based upon negligence.

4. NEGLIGENCE — SUMMARY DISPOSITION — DUTY — COURT RULES.
Summary disposition may be granted in a negligence action if it is determined as a matter of law that defendant owed no duty to the plaintiff (MCR 2.116[C][8]).

5. TORTS — LANDOWNERS — CRIMINAL ACTS — THIRD PARTIES.
A landowner has no liability to a victim for criminal acts committed on his property by a third party in the absence of a special relationship between himself and the victim; in determining whether there exists a special relationship or circumstance, and thus a legal duty to act, the court must balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between the parties; other factors which may give rise to a duty include the foreseeability of the criminal activity, the defendant's ability to comply with the proposed duty, the victim's inability to protect himself from the criminal activity, the costs of providing protection, and whether the plaintiff had bestowed some economic benefit on the defendant.

*Richard A. Lenter,* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Lamont E. Buffington* and *Rosalind Rochkind*), for defendant.

Before: KELLY, P.J., and MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from the orders of the Wayne Circuit Court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). The court's orders had the effect of dismissing plaintiff's damage claim for personal injuries she sustained after being crimi-

* Circuit judge, sitting on the Court of Appeals by assignment.

nally assaulted in a vacant building owned by defendant Pollie Pinkins and managed by defendants Eugene Gilmore, Jr., and New Center Realty, Inc. We affirm.

On January 27, 1983, sometime between 8:00 and 9:00 A.M., plaintiff was approached by an unknown male while waiting at a bus stop in the City of Detroit. The man forced her, at gunpoint, across the street and eventually to the building in question where she was repeatedly raped, thrown down a stairwell, and shot four or five times. As a result of this assault, plaintiff was rendered a paraplegic and suffers extreme emotional distress. The building where this senseless tragedy occurred had been abandoned and was in a dilapidated condition. Entry was gained through an open doorway.

At the time of the offense, defendant Pinkins was out of the country, working as a teacher in Nigeria. Before leaving, she entered into a management agreement with defendant Gilmer who, plaintiff alleged, was an agent of defendant New Center Realty. Under the terms of the agreement, Gilmer was to lease the property to others and collect the rent therefrom. Plaintiff also alleged that Gilmer agreed to "care for and manage" the property.

Plaintiff commenced suit in the Wayne Circuit Court on March 16, 1984, initially naming only Pinkins as a defendant and alleging claims sounding in negligence and nuisance. Later, plaintiff filed an amended complaint, adding Gilmer and New Center Realty as defendants and averring that they "were negligent in managing of said property in that said property became open and dangerous, a haven for vandals and transients."

On April 9, 1987, Gilmer and New Center Realty submitted a motion for summary disposition pur-

suant to MCR 2.116(C)(8). A hearing was held on
May 6, 1987, at which time Pinkins joined the
other defendants' motion.

At the hearing, plaintiff conceded that this was
not a nuisance claim but claimed that the manage-
ment agreement, coupled with certain voluntary
protective measures taken by Gilmer and New
Center Realty, created a duty in defendants to
secure the property so as not to harbor criminal
activity. Defendants, on the other hand, argued
that no "special relationship" existed with plaintiff
which gave rise to a duty to protect her from the
criminal acts of third persons. The trial court
agreed with the defendants and granted their
motion in separate orders dated May 6, 1987 (as to
Gilmer and New Center Realty), and May 15, 1987
(as to Pinkins). It is from those orders that plain-
tiff brings this appeal as of right.

A motion for summary disposition brought un-
der MCR 2.116(C)(8), failure to state a claim upon
which relief can be granted, is tested by the plead-
ings alone and examines only the legal basis of the
complaint. The factual allegations in the com-
plaint must be accepted as true, together with any
inferences which can reasonably be drawn there-
from. Unless the claim is so clearly unenforceable
as a matter of law that no factual development
could possibly justify recovery, the motion should
be denied. *Beaudin v Michigan Bell Telephone Co,*
157 Mich App 185, 187; 403 NW2d 76 (1986).
However, the mere statement of the pleader's
conclusions, unsupported by allegations of fact
upon which they may be based, will not suffice to
state a cause of action. *NuVision v Dunscombe,*
163 Mich App 674, 681; 415 NW2d 234 (1988), lv
den 430 Mich 875 (1988).

The question whether or not a defendant owes
an actionable legal duty to a plaintiff is one of law

for the courts to decide after assessing the competing policy considerations for and against recognizing the asserted duty. *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981); *Moning v Alfono,* 400 Mich 425, 436-438; 254 NW2d 759 (1977). "Only if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject the defendant to liability for negligent conduct." *Friedman, supra,* p 22. If a trial court determines that, as a matter of law, the defendant owed no duty to the plaintiff, summary disposition is properly granted in the former's favor under MCR 2.116(C)(8). *Locklear v Stinson,* 161 Mich App 713, 716; 411 NW2d 834 (1987).

As a general rule, a private person has no duty to protect another from a criminal attack by a third person in the absence of some special relationship or circumstance. See *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988); Anno: *Comment note—private person's duty and liability for failure to protect another against criminal attack by third person,* 10 ALR3d 619, § 3. This rule is equally applicable to property owners who are being sued for the criminal attack of a third person committed on their property. *Thomason v Olive Branch Masonic Temple,* 156 Mich App 736, 744-745; 401 NW2d 911 (1986); 62 Am Jur 2d, Premises Liability, § 26, pp 257-258. But see, *Sanford v Detroit,* 143 Mich App 194; 371 NW2d 904 (1985). In determining whether there exists a "special relationship or circumstance," and thus a legal duty to act, the court must balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between the parties. See *Sierocki v Hieber,* 168 Mich App 429, 434; 425 NW2d 477 (1988). Other factors which may give rise to a duty include the foreseea-

bility of the criminal activity, the defendant's ability to comply with the proposed duty, the victim's inability to protect himself from the criminal activity, the costs of providing protection, and whether the plaintiff had bestowed some economic benefit on the defendant. See Anno: *Private person's duty and liability, supra,* § 2, pp 624-625.[1]

In the instant case, we find that plaintiff failed to allege sufficient facts in her complaint which would give rise to a duty in defendants to protect her against the criminal attack. It is undisputed that plaintiff does not enjoy a "special relationship" with defendants of the types generally recognized under Michigan law, e.g., landlord-tenant, *Samson v Saginaw Professional Bldg, Inc,* 393 Mich 393; 224 NW2d 843 (1975), proprietor-patron, *Williams, supra,* and *Askew v Parry,* 131 Mich App 276; 345 NW2d 686 (1983), employer-employee, *Blake v Consolidated Rail Corp,* 129 Mich App 535; 342 NW2d 599 (1983), or residential invitor-invitee, *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965). Plaintiff contends that a special relationship existed by virtue of the management agreement between Pinkins and Gilmer. There is no allegation, though, that defendants ever intended that she, or a class of persons to which she belongs, be considered a third party beneficiary of that agreement. See 17 Am Jur 2d, Contracts, § 304, pp 727-730.

Plaintiff did aver that Pinkins owed her a duty of care because she "knew or should have known that said building was dangerous due to the fact that the building remained vacant for nearly two (2) years prior to the incident in question." Mere

---

[1] As the annotation comments point out, the courts have not been consistent in only applying those factors to the duty question. Some courts have considered the factors as they apply to the question of proximate cause. 10 ALR3d § 2, p 624; *City of Mobile v Largay,* 346 So 2d 393, 394-395 (Ala, 1977).

statements of legal conclusions, unsupported by any factual bases, are insufficient to state a cause of action. *NuVision, supra,* p 681.

Although the foreseeability of certain criminal acts by third persons has created a legal duty in some persons even absent a recognized special relationship, *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970), we do not believe that use of the building by plaintiff's attacker was foreseeable under the instant circumstances. A contrary ruling would, in effect, impose a duty upon all property owners, especially those in high crime areas, to protect the general public from criminal activity committed on the property by third persons. This would include most unimproved lots and well-maintained buildings wherever the criminal could perform his misdeeds out of the public's watchful eye. Public policy, we believe, would not favor such a holding. Although defendants may have owed a duty to plaintiff against harm caused by the dilapidated condition of the building (e.g., injury caused by a falling brick or broken glass), see *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984), lv den 422 Mich 967 (1985), that duty does not extend to the unforeseeable criminal activity of third persons.

In support of her claim that a duty existed herein, plaintiff relies on the case of *Sanford, supra.* That case, although factually similar, is inapposite because the claim was based on nuisance, not negligence. For that reason, the *Sanford* Court did not even address the duty question. In the instant case, plaintiff conceded below that this was *not* a nuisance claim. Hence, whether or not defendants owed a duty to plaintiff is relevant and, as it turns out, controlling.

Plaintiff also contends that defendants voluntarily assumed responsibility to secure the building

from those who might enter for unlawful gains (by temporarily hiring a guard dog service and by purchasing a door for the building) and, therefore, had a duty to do so in a nonnegligent manner.[2] See *Tucker v Sandlin,* 126 Mich App 701, 704-705; 337 NW2d 637 (1983) (citing 2 Restatement Torts, 2d, § 324A, p 142), lv den 419 Mich 859 (1984). That rule has no application herein since there were no allegations that (1) defendants' failure to exercise reasonable care increased the risk of harm, (2) defendants undertook to perform a duty owed by another to plaintiff, or (3) plaintiff suffered harm because of her reliance on defendants' assumption of the responsibility to secure the building. *Id.,* pp 704-705.

In summary, plaintiff failed to allege sufficient facts which gave rise to a duty in defendants to protect her from the criminal attacks of third persons. Consequently, she failed to state a claim upon which relief could be granted and defendants were entitled to summary disposition as a matter of law. MCR 2.116(C)(8).

Affirmed.

---

[2] Although this allegation is outside the four corners of the complaint, and thus not pertinent to a summary disposition motion brought under MCR 2.116(C)(8), we will address it because it was raised, and seemingly considered, below.