RHODES v UNITED JEWISH CHARITIES OF DETROIT

Docket No. 115695. Submitted March 20, 1990, at Detroit. Decided May 24, 1990. Leave to appeal applied for.

Janice Rhodes brought an action in Wayne Circuit Court against United Jewish Charities of Detroit (UJC), Jewish Vocational Services and Community Workshop (JVS), Guardian Guard Services, James Crawford and Anthony King. Plaintiff alleged that she was assaulted by King in a fenced and guarded parking lot owned by UJC adjacent to a building in which UJC leased space to JVS and plaintiff's employer. Plaintiff further alleged that, under the terms of the lease agreement between UJC and JVS, JVS was obligated to provide security on the lot, and that JVS contracted with Guardian for security services. The court, Thomas J. Foley, J., granted summary disposition against plaintiff on her claims of negligence by UJC, JVS and Guardian. The court also denied plaintiff leave to amend her complaint to allege that she was a third-party beneficiary of the contract between UJC and JVS. Plaintiff appealed.

The Court of Appeals *held:*

1. When a person voluntarily assumes the performance of a duty, that person is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task. Here, when UJC and JVS voluntarily assumed the duty of providing protection in the form of guards from Guardian, it became incumbent upon them to provide that protection in a manner that was not negligent. Because the question of negligence was properly one for the jury, the trial court erred in granting summary disposition.

2. Because it can properly be argued that plaintiff was a third-party beneficiary of the contract between UJC and JVS, plaintiff shall, on remand, be granted leave to amend her complaint.

Reversed and remanded.

REFERENCES

Am Jur 2d, Contracts §§ 304-307, 313; Premises Liability §§ 45, 46, 521.

See the Index to Annotations under Landlord and Tenant; Premises Liability; Third-Party Beneficiaries.

1. NEGLIGENCE — LANDLORD AND TENANT — SECURITY GUARDS.

A landlord and a tenant who, by virtue of the terms of their lease agreement, have voluntarily assumed the duty of providing protection in the form of security guards on a parking lot adjacent to the leased premises used as office space may be held liable for negligence to an office worker in the leased premises who is assaulted on the parking lot.

2. CONTRACTS — THIRD-PARTY BENEFICIARIES.

A plaintiff who sues on a contract to which he is not a party must be an intended third-party beneficiary of the contract; the promisor must have undertaken to do something to or for the benefit of the plaintiff in order for the plaintiff to be deemed an intended beneficiary.

*Raymond Horenstein,* for Janice Rhodes.

*Jacobs & Miller* (by *John A. Klarr*), for United Jewish Charities of Detroit and Jewish Vocational Services & Community Workshop.

*Franklin, Bigler, Berry & Johnston, P.C.* (by *Witold Sztykiel*), for Guardian Guard Services.

Before: HOLBROOK, JR., P.J., and MURPHY and JANSEN, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Wayne Circuit Court granting defendants' motions for summary disposition. We reverse and remand for trial.

Plaintiff alleges she was assaulted by defendant Anthony King in a fenced and guarded parking lot owned by defendant United Jewish Charities of Detroit (UJC). UJC owns the building east of the parking lot and leases space in the building to defendant Jewish Vocational Services and Community Workshop (JVS) and Michigan Rehabilitation Services, plaintiff's employer. By its lease agreement, UJC required JVS to provide guard service for the parking lot. JVS in turn contracted with defen-

dant Guardian Guard Services to provide on-site security.

Defendants UJC and JVS filed a joint motion for summary disposition pursuant to MCR 2.116(C)(8), asserting that Michigan law did not impose an affirmative duty upon them to provide armed security personnel to prevent or deter criminal acts of third parties. Defendant Guardian brought a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), asserting that Michigan law does not recognize a duty to protect an individual against the criminal conduct of a third party and that there was no evidence that could substantiate a claim that Guardian failed to comply with the terms of its contract with JVS.

In granting summary disposition to these defendants, the trial court held that the parking lot was not within the common area of the building and found that defendants did not owe a duty to plaintiff. The trial court did not, however, address the merits of plaintiff's argument that, since defendants had undertaken to provide security services, they had a responsibility to insure it was not done in a negligent manner. In passing, the trial court did express its opinion that it was not going to penalize defendants for their efforts in "attempting to cut down the criminal situation."

Plaintiff first assigns error to the trial court's finding that the relationship between plaintiff and UJC and JVS was that of business invitee rather than that of landlord/tenant. We will not address this issue since it is not dispositive of the appeal before us. Regardless of the characterization given the relationship of the parties, Michigan does not impose a duty upon a landlord or a merchant to provide police protection, in the form of armed guards, to deter the criminal acts of third parties. As the Supreme Court reasoned in *Williams v*

*Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), police protection is properly a governmental function and to shift the function of providing that protection to the private sector would be in contravention of longstanding public policy. *Id.,* pp 501-504.

The critical issue before us is whether a party, having voluntarily assumed to perform a duty, is required to perform that duty in a non-negligent manner. Stated another way, once UJC and JVS assumed the duty of providing police protection and contracted with Guardian for guard services, are the parties then liable for the negligent performance of that duty?

When a person voluntarily assumes the performance of a duty, that person is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task. *Sponkowski v Ingham Co Road Comm,* 152 Mich App 123, 127; 393 NW2d 579 (1986).

We hold that, when UJC and JVS voluntarily assumed the duty of providing police protection in the form of guards from Guardian, it became incumbent upon them to provide that protection in a non-negligent manner. The question whether the guard was negligent in the performance of his duties is a question for the jury. The grant of summary disposition was therefore erroneous.

Lastly, plaintiff assigns error to the trial court's refusal to allow her leave to amend her complaint to allege that she was a third-party beneficiary of the contract between JVS and Guardian. MCR 2.118(A)(2) provides that leave to amend a pleading "shall be freely given when justice so requires" so long as the amendment is not futile. *Totsky v Henry Ford Hospital,* 169 Mich App 286, 290; 425 NW2d 531 (1988).

For a plaintiff to sue on a contract to which he is not a party, it must be determined that the plaintiff was an intended third-party beneficiary of the contract which suit is brought on. To be an intended beneficiary, the promisor must have undertaken to do something to or for the benefit of the party asserting status as an intended beneficiary. *Rieth-Riley Construction Co, Inc v Dep't of Transportation,* 136 Mich App 425, 430; 357 NW2d 62 (1984), lv den 425 Mich 911 (1985). A court must use an objective standard in determining the plaintiff's status. *Id.,* p 430. The contract itself reveals the party's intentions. *Frick v Patrick,* 165 Mich App 689, 694; 419 NW2d 55 (1988), lv den 431 Mich 872 (1988).

Plaintiff's assertion that she is a third-party beneficiary of the contract is based upon the provision of the contract listing the guard's specific duties: "Guard to act as a deterrent against possible acts of theft, vandalism, fire and trespass—safety of staff and clients."

When UJC required JVS to provide guard service for the parking lot, it must be assumed that the guard service was intended for the protection of all who were to use the parking lot. As an employee of one of the tenants, it is clear that plaintiff would fall into the class of individuals for which UJC required JVS to provide protection. Plaintiff is, arguably, an intended third-party beneficiary of JVS's contract with Guardian and, upon remand, should be granted leave to amend her pleadings to state such a claim.

Reversed and remanded. We do not retain jurisdiction.