SHOULDERS v RECORD REALTY COMPANY

Docket No. 117805. Submitted August 9, 1990, at Detroit. Decided October 1, 1990.

Kevin D. Shoulders was shot by Charles Hamilton in Hamilton's apartment while Shoulders was there for a visit. Record Realty Company owned and operated the apartment complex in which Hamilton lived. Shoulders filed suit against Record Realty and Hamilton in Wayne Circuit Court alleging inter alia that Record Realty had failed to take certain measures which would have prevented the assault. The court, Robert J. Colombo, Jr., J., granted summary disposition in favor of Record Realty, finding that a landlord had no duty to provide reasonably safe premises to a leaseholder and that, since plaintiff knew of Hamilton's dangerous propensities, any negligence on the part of Record Realty in failing to warn plaintiff of those propensities could not have been a proximate cause of plaintiff's injuries. Plaintiff appealed.

The Court of Appeals *held:*

The landlord had no duty to protect plaintiff because the assault occurred in an area in which the tenant had exclusive possession and control, plaintiff did not enjoy any type of special relationship with the landlord, and the landlord's obligation to provide premises which were reasonably safe and fit for habitation did not require it to protect a visitor to the apartment from an emotional outburst by the tenant, even though the tenant may have had a reputation for violence. The absence of a duty precludes any liability on the part of Record Realty.

Affirmed.

LANDLORD AND TENANT — THIRD PARTIES — ASSAULT BY TENANT — LANDLORD'S DUTY TO PROTECT.

A landlord has no duty to protect a tenant's visitor from criminal assault by the tenant where the assault occurs in an area in

REFERENCES

Am Jur 2d, Premises Liability §§ 13, 45.
Landlord's obligation to protect tenant against criminal activities of third persons. 43 ALR3d 331.

which the tenant has exclusive possession and control and the visitor does not have any type of special relationship with the landlord; the landlord's obligation to provide premises which are reasonably safe and fit for habitation does not require it to protect a visitor to the tenant's apartment from an emotional outburst by the tenant, even though the tenant may have a reputation for violence.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Frank Krycia*), for plaintiff.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Raymond W. Morganti*), for defendant.

Before: REILLY, P.J., and CYNAR and WAHLS, JJ.

REILLY, P.J., Plaintiff appeals as of right from the trial court's order granting defendant Record Realty Company's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). Plaintiff had alleged that Record Realty, the landlord, failed to take certain measures which would have prevented a criminal assault against him by defendant Charles Hamilton, a tenant, during a visit to Hamilton's apartment. We affirm, but for reasons other than those stated by the trial judge.

Assuming that the facts alleged in plaintiff's complaint are true, the landlord had no duty to protect plaintiff from the criminal assault by the tenant because: (1) the assault occurred in an area in which the tenant had exclusive possession and control; (2) plaintiff did not enjoy any type of special relationship with the landlord; and (3) the landlord's obligation to provide premises which were reasonably safe and fit for habitation did *not* require it to protect a visitor to the apartment from an emotional outburst by the tenant, even though the tenant may have had a reputation for violence. See *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988); *Williams*

*v Detroit,* 127 Mich App 464, 468; 339 NW2d 215 (1983); *Roberts v Pinkins,* 171 Mich App 648; 430 NW2d 808 (1988). The absence of a duty therefore precludes any liability on the part of Record Realty. The trial court did not err in granting Record Realty's motion for summary disposition.

Affirmed.