SCOTT v HARPER RECREATION, INC

Docket No. 122982. Submitted July 15, 1991, at Detroit. Decided December 2, 1991, at 9:10 A.M. Leave to appeal sought.

Andre Scott brought an action in the Wayne Circuit Court against Harper Recreation, Inc., seeking damages for injuries sustained in an assault by an unknown individual in the parking lot of the defendant's night club. The plaintiff alleged that the defendant advertised that it provided secure parking for its patrons and that he relied on that representation when he decided to patronize the nightclub. The court, Robert J. Colombo, Jr., J., granted summary disposition for the defendant with regard to counts alleging fraud, estoppel, and negligent performance of a voluntarily assumed duty to provide security. The plaintiff appealed.

The Court of Appeals *held:*

The plaintiff stated claims upon which relief could be granted with regard to alleged negligent performance of a voluntarily assumed duty and fraud.

1. The defendant voluntarily assumed the duty of providing secure parking for its patrons and, in order to attract patrons, advertised that it provided secure parking. Whether patrons relied on the alleged security, whether the defendant negligently performed its voluntarily assumed responsibility and thereby increased the risk of harm to the patrons, and the extent of the duty were questions for the jury. Summary disposition with regard to this count was improper.

2. The court erred in dismissing the plaintiff's claim of fraud on the basis that the defendant's statements that the club provided "free, ample, lighted security parking" constituted future promises or expressions of opinion by the defendant that could not form the basis for misrepresentations. The statements are not future promises or expressions of opinion by the defendant, but, rather, are statements of fact concerning services in

References
Am Jur 2d, Premises Liability §§ 45, 46, 521, 525.
See the Index to Annotations under Advertising and Advertisements; Parking Lots and Parking Garages; Premises Liability.

existence at the time the statements were made and upon which a claim of fraud could be premised.

Reversed and remanded.

1. NEGLIGENCE — BUSINESS INVITEES — SECURITY — RISK OF HARM.

A merchant who voluntarily assumes a duty to provide security for its patrons may be found liable for injuries to patrons resulting from the negligent performance of the duty.

2. FRAUD — EXISTING FACTS — FUTURE PROMISES — BUSINESS INVITEES.

A merchant's statement in advertisements that it provided "free, ample, lighted security parking" for its patrons was a statement of an existing fact, not a promise of security to be provided in the future or an expression of opinion, and, therefore, could form the basis of a complaint alleging fraud regarding the existence of security.

*Pianin, Paull, Sugar & Brandon* (by *Robert E. Laramie*), for the plaintiff.

*Kallas, Lower, Henk & Treado, P.C.* (by *Scott L. Feuer*), for the defendant.

Before: DOCTOROFF, P.J., and MCDONALD and BRENNAN, JJ.

MCDONALD, J. Plaintiff appeals as of right from orders dated July 21, 1989, and October 20, 1989, dismissing his two-count complaint against defendant alleging in count I fraud and estoppel and in count II negligent performance of the voluntarily assumed duty to provide security. We reverse.

Defendant is the proprietor of "Club UBQ," a night club located in the City of Detroit. In August 1987, while an invitee on defendant's premises, plaintiff was assaulted by an unknown individual in defendant's parking lot and suffered severe injuries.

In his complaint, plaintiff alleged for substantial periods of time preceding the assault, defendant advertised on the radio, in print media, and in

mailings that Club UBQ provided "free, ample, lighted security parking" for its patrons. Relying on these representations and the presence of uniformed security guards, plaintiff parked his automobile in defendant's parking lot. In addition, plaintiff alleged on the basis of the representations of secure parking, he relaxed his normal vigilance and was less prepared for the advent of criminal activity.

The trial court granted defendant's motions for summary disposition based on MCR 2.116(C)(8) with regard to both counts of plaintiff's complaint, finding plaintiff failed to state either a valid claim of fraud, because the allegations of defendant's representations of "free, ample, lighted security" related to a future event, or a valid claim of negligence, because defendant owed plaintiff no duty to protect him from criminal attacks of third parties.

On appeal, plaintiff first claims the trial court erred in finding the holding of *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), required dismissal of count II of his complaint, which alleged voluntary assumption of the duty to provide security. We agree.

In *Williams,* our Supreme Court held merchants have no duty to business invitees to provide armed, visible security guards to deter criminal acts of third parties. The defendant in *Williams* was located in a high-crime area. Although the defendant employed a plainclothes security guard, the guard was sick the day the plaintiff was shot during the course of an armed robbery of the store by a third party. The plaintiff filed a complaint against the defendant, alleging a breach of the duty to provide reasonable care for the safety of its patrons by supplying armed, visible security guards on the premises. The trial court directed a

verdict for the defendant, finding the defendant did not have a duty to protect the plaintiff from unforeseen acts of a third party. The Supreme Court affirmed that ruling.

In its opinion, the Court distinguished active misconduct, or misfeasance, from nonfeasance, which is simply the failure to act. As a general rule, there is no duty that requires one person to aid or protect another where a new risk is not created, in the absence of a special relationship. *Id.* at 498-499. Even in light of the special relationship imposed on merchants to provide reasonable care to protect invitees from an unreasonable risk of harm related to their premises, the Court declined to hold as a matter of law that a merchant's duty to provide reasonable care included the duty to provide armed, visible security guards to protect invitees from the criminal acts of third parties. In a footnote, the Court noted a merchant could voluntarily provide security guards in accordance with the Private Security Guard Act, MCL 338.1051 *et seq.*; MSA 18.185(1) *et seq.*, but its ruling in *Williams* imposed no duty to do so. 429 Mich 501, n 14. For public policy reasons, the Supreme Court held no duty existed for a merchant to provide security guards, finding the provision of police protection to be a function of the government. *Id.* at 501-504.

The ruling in *Williams* addressed a merchant's duty in terms of nonfeasance; in providing security forces to protect patrons it did not address that duty in terms of active negligence as asserted in this case. The threshold question in any negligence action is whether the defendant owed a legal duty to the plaintiff. *Papadimas v Mykonos Lounge,* 176 Mich App 40; 439 NW2d 280 (1989). "Duty is essentially a question of whether the relationship between the actor and the injured person gives

rise to any legal obligation on the actor's part for the benefit of the injured person." *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977).

Generally, it is for the court to decide questions of duty. *Id.* at 438. This is because the question of duty involves, in part, an assessment of competing policy considerations. *Friedman v Dozorc,* 412 Mich 1; 312 NW2d 585 (1981). Where disputed facts exist that ultimately bear on the question of duty, the issue may be submitted to the factfinder to determine the existence of a duty. *Bardoni v Kim,* 151 Mich App 169; 390 NW2d 218 (1986). Stated another way, it is for the court to determine, as a matter of law, what characteristics must be present for the relationship to give rise to a duty; questions of fact may then arise over whether the characteristics exist, which should be decided by the factfinder. *Poe v Detroit,* 179 Mich App 564; 446 NW2d 523 (1989).

For there to be liability premised upon nonfeasance, there must be "some definite relation between the parties, of such a character that social policy justifies the imposition of a duty to act." Prosser & Keeton, Torts (5th ed), § 56, p 374. Such relations are generally premised upon contractual agreements, *id.* at 373, but Michigan has applied the rule to owners and occupiers of land, among others. *Roberts v Pinkins,* 171 Mich App 648; 430 NW2d 808 (1988). In addition, private persons generally have no duty to protect another from a criminal attack by a third person. *Id.* at 652. In order for such a duty to exist, there must be some special relationship between the parties to require a private person to act. *Id.* To determine if a special relationship exists, the court must balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between

the parties. *Id.* In addition, the following factors may also be considered in determining if there is a duty to act: the foreseeability of the criminal activity, the defendant's ability to comply with the proposed duty, the victim's inability to protect himself from the criminal activity, the costs of providing protection, and whether the plaintiff had bestowed some economic benefit on the defendant. *Id.* at 652-653, citing anno: *Comment note—Private person's duty and liability for failure to protect another against criminal attack by third person,* 10 ALR3d 619, § 2, pp 624-625.

However, every person who voluntarily performs some undertaking has an obligation to use due care or to act so as to not unreasonably endanger the person or property of another. *Schenk v Mercury Marine Division, Lowe Industries,* 155 Mich App 20; 399 NW2d 428 (1986). Liability will be imposed in such a situation only where the voluntary rescuer's actions increase the original danger posed. *Id.* at 25-26.

In the case at bar, given the holding in *Williams,* it is clear defendant did not have a responsibility to provide secure parking for its patrons. However, because defendant did so and allegedly advertised this fact in order to attract patrons, it voluntarily assumed the duty to provide security. This fact distinguishes the case at bar from *Williams.* Plaintiff's complaint clearly alleges active misconduct in that defendant advertised secure parking, but allegedly failed to provide the same at the time of plaintiff's assault. Although defendant did not have the duty to provide security, once it did so and patrons relied on this fact to do business there, a cause of action could exist if defendant was negligent in its performance of that responsibility and thereby increased the risk of harm to patrons. In his complaint, plaintiff has

alleged defendant increased the risk of harm by advertising secure parking, thereby causing patrons, including plaintiff, to be less wary of criminal activity. The extent of the duty assumed by defendant would involve factual issues based on the advertisements and security actually provided, and a corresponding standard of care.

Further support for plaintiff's action can be found in *Rhodes v United Jewish Charities of Detroit,* 184 Mich App 740; 459 NW2d 44 (1990). In *Rhodes,* the plaintiff was assaulted in a parking lot owned or leased by the defendants. The lease agreement between the defendants provided that the lessee-defendant was to provide guard service for the parking lot. The trial court granted summary disposition based on the lack of a duty owed to the plaintiff. A panel of this Court rejected that ruling, reasoning the defendants voluntarily assumed the duty of providing protection in the form of security guards. Thus, the question was not one of duty, but whether the duty was fulfilled in a nonnegligent manner, a question for the jury.

We therefore conclude plaintiff has stated a claim upon which relief could be granted pursuant to MCR 2.116(C)(8). Unlike *Williams,* plaintiff has relied upon alleged active misconduct to establish defendant's duty to provide security rather than nonfeasance based on a general duty to provide security for patrons. Additionally, plaintiff has alleged that reliance on defendant's advertising has increased the risk of harm to patrons. Thus, in accordance with *Rhodes,* we believe plaintiff has alleged a valid claim of voluntary assumption of the duty to provide security. Accordingly, under the limited standard for MCR 2.116(C)(8), we find the trial court erred in granting summary disposition with regard to count II of plaintiff's complaint. The July 21, 1989, order is reversed.

Plaintiff next claims the trial court erred in granting summary disposition with regard to count I of his complaint, which alleged fraud and estoppel. We agree the court erred in dismissing plaintiff's claim of fraud.

In order to state a cause of action for fraud or misrepresentation, the following elements must be established:

> "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330 [,] 336; 247 NW2d 813 (1976), quoting *Candler v Heigho,* 208 Mich 115, 121; 175 NW 141 (1919). [*Smart v New Hampshire Ins Co,* 148 Mich App 724, 731; 384 NW2d 772 (1985).]

Plaintiff claims defendant's false statements that Club UBQ provided "free, ample, lighted security parking" for its patrons are sufficient to set forth a claim of misrepresentation. The trial court disagreed, finding the statement one not of fact but of mere opinion or future promise.

Although the trial court correctly noted future promises cannot form the basis for misrepresentations, we do not believe the statements at issue constituted future promises or expressions of opinion by defendant. To be actionable, the fraudulent misrepresentations must be predicated upon a statement relating to a past or an existing fact. Future promises are contractual and do not constitute fraud. *Hi-Way Motor Co, supra,* at 336-337. Nonetheless, even statements considered promis-

sory in nature can fall within an exception for bad faith promises, defined as promises made without intention of performance. *Id.* at 337-338.

The statement at issue here refers to the existence of security provided for defendant's patrons in its parking lot. This was a statement of fact, concerning conditions in existence at the time made, not a promise for future security to be provided. Nor do we believe the statement constituted an expression of opinion or "puffing." *Van Tassel v McDonald Corp,* 159 Mich App 745; 407 NW2d 6 (1987). Defendant went beyond expressing an opinion that its parking lot was "safe." Instead, defendant made reference to "security," indicating some form of protection was in fact offered to patrons. Defendant's statement therefore was a statement of fact.

We therefore find improper the trial court's summary dismissal of plaintiff's claim regarding fraud. The October 20, 1989, order granting defendant's motion for summary disposition is reversed. We decline to address defendant's claim of entitlement to summary disposition of count I on alternative grounds under MCR 2.116(C)(10). The trial court did not base its decision on these grounds, and defendant has failed to file a cross appeal contending, such failure constituted error.

Lastly, we need not address plaintiff's claim that his allegations of estoppel contained in count I should have prevented the court's grant of summary disposition regarding that count because we have already found summary disposition improper. Moreover, we note plaintiff's attempted use of the theory of estoppel to prevent defendant from asserting a lack of duty to provide security appears relevant to the negligence claim found in count II of plaintiff's complaint, not the action for fraud.

Reversed and remanded for further proceedings. We do not retain jurisdiction.