HOLLAND v LIEDEL

Docket No. 132122. Submitted June 3, 1992, at Detroit. Decided November 17, 1992, at 10:00 A.M. Leave to appeal sought.

Janis R. Holland brought an action in the Wayne Circuit Court against James Liedel, seeking damages for injuries sustained when she was abducted by an unknown third party from the underground parking ramp of an apartment building owned by defendant in which she rented an apartment. The court, Edward M. Thomas, J., denied the defendant's motions for summary disposition and a directed verdict and entered judgment following a jury verdict for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

1. A landlord has a duty to protect tenants from foreseeable criminal activities of third parties in the common areas of the landlord's premises. Whether the risk of harm from third-party criminal activity is foreseeable in a particular case is a question of fact.

2. The court did not err in denying the defendant's motions for summary disposition and a directed verdict. Although the defendant had no duty to provide security guards, the plaintiff's allegations of negligence were not limited to that question and properly were within the province of the jury. If the defendant voluntarily assumed the duty to provide security, a cause of action could exist if he was negligent in the discharge of the duty. Although the question of duty is ordinarily one of law for the court to decide, where a determination of duty depends on factual findings those findings must be found by the jury.

3. The trial court adequately instructed the jury regarding the law applicable under the circumstances of this case.

Affirmed.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Kathleen L. Bogas* and *Barbara M. Robinson*), for the plaintiff.

*Daguanno, Nemes & Accettura* (by *Robert F. Harrington*), for the defendant.

Before: SAWYER, P.J., and MURPHY and L. P. BORRELLO,* JJ.

MURPHY, J. Defendant appeals from a judgment entered in favor of plaintiff after a jury found defendant liable in the amount of $150,000. We affirm.

This negligence action arose from plaintiff's abduction from the parking lot of an apartment building owned by defendant. In August 1984, plaintiff began renting an apartment at Highland Towers Apartments. At the time plaintiff rented the apartment, she also rented a parking spot in the apartment building's underground parking ramp.

Access to the underground parking ramp required the use of card keys given to tenants with parking spots. The card keys opened the door, which automatically closed behind each car entering the ramp. Until September 21, 1986, the parking ramp was patrolled by a security guard for five hours each evening. When the guard died, defendant replaced the guard service with a camera monitoring system that monitored the parking ramp doors.

On the evening of March 30, 1987, plaintiff was apparently followed into the ramp by an unknown assailant. The assailant abducted plaintiff, repeatedly raped and assaulted her, and then returned her to the parking ramp. The assailant left when another tenant arrived.

Plaintiff filed this action against defendant, alleging that he had failed to provide reasonable security for the tenants of the apartment complex, including failing to replace the security guard, and that defendant's negligence was the proximate cause of her injuries. Defendant moved for sum-

* Circuit judge, sitting on the Court of Appeals by assignment.

mary disposition pursuant to MCR 2.116(C)(8) and (10), and also moved during trial for a directed verdict. The trial court denied defendant's motions. At the conclusion of the trial, the jury returned a verdict in favor of plaintiff.

Defendant contends that the trial court erred in failing to grant his motions for summary disposition and a directed verdict. Defendant argues that the only allegation remaining at trial was whether he was obligated to provide security guards, and that, as a matter of law, he had no duty to provide a security guard to monitor the parking lot.

The initial question in a negligence action is whether the defendant owed a legal duty to the plaintiff. *Johnson v Bobbie's Party Store,* 189 Mich App 652, 659; 473 NW2d 796 (1991). As a general rule, one person does not have a duty to aid or protect another person. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 499; 418 NW2d 381 (1988); *Johnson, supra,* 660.

Owners and occupiers of land, however, have a special relationship to their invitees, giving rise to an affirmative duty to protect their invitees. *Williams, supra,* 499. This duty is not absolute, however. The landowner or occupier is obligated to use only reasonable care for the protection of the invitee and is not the insurer of the invitee's safety. *Id.,* 500, 502.

A landlord may be held liable for exposing invitees to an unreasonable risk of harm arising out of a tenant's use of the premises, particularly in common areas such as a lobby, hallway, stairway, or elevator. *Id.,* 499. A landlord also has the duty to protect tenants from foreseeable criminal activities of third parties in the common areas of the landlord's premises. *Rodis v Herman Kiefer Hosp,* 142 Mich App 425, 428-429; 370 NW2d 18 (1985); *Aisner v Lafayette Towers,* 129 Mich App

642, 645; 341 NW2d 852 (1983). See also *Samson v Saginaw Professional Building, Inc,* 393 Mich 393, 407-408; 224 NW2d 843 (1975); *Johnston v Harris,* 387 Mich 569; 198 NW2d 409 (1972). Whether the risk of harm from third-party criminal activity is foreseeable in a particular case is a question of fact for the jury. *Rodis, supra,* 429.

In *Williams, supra,* 504, however, our Supreme Court held that, as a matter of law, the duty of reasonable care that a merchant owes his customers does not extend to providing armed security guards to protect the customers from the criminal acts of third persons. This Court has since applied the reasoning of *Williams* in a landlord-tenant case. *Bryant v Brannen,* 180 Mich App 87, 97-98; 446 NW2d 847 (1989).

Assuming, without deciding, that the reasoning of *Williams* would apply in a landlord-tenant case and not only in a merchant-invitee situation, we nevertheless disagree with defendant's contention that the only issue remaining in this case was whether defendant was obligated to provide security guards. Although plaintiff did allege and argue at trial that defendant was obligated to provide a security guard, she did not limit her allegations of negligence to this question. Plaintiff also argued and presented evidence that the doors of the parking garage were defective and the defendant knew of the repeated problems with the doors. Plaintiff further presented evidence that, although defendant installed a camera system for security, the employees responsible for watching the camera monitors were often too busy with their other duties to do so.

A motion for summary disposition pursuant to MCR 2.116(C)(8) should be granted only if the claim is so clearly unenforceable as a matter of law that no factual development could justify re-

covery. *Wagner v Regency Inn Corp,* 186 Mich App 158, 162; 463 NW2d 450 (1990). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim and should be granted only when it is impossible for the claim to be supported at trial because of a deficiency that cannot be overcome. *Pete v Iron Co,* 192 Mich App 687, 688-689; 481 NW2d 731 (1992).

When determining a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the nonmoving party. *Howard v Canteen Corp,* 192 Mich App 427, 431; 481 NW2d 718 (1992). The motion should be denied if the evidence raises a genuine issue of material fact upon which reasonable minds could differ. *Id.* Directed verdicts are disfavored in negligence cases. *Vsetula v Whitmyer,* 187 Mich App 675, 679; 468 NW2d 53 (1991).

We hold that the trial court in this case did not err in denying defendant's motion for summary disposition. Accepting the allegations of plaintiff's complaint as true, it cannot be said that the claim was clearly unenforceable as a matter of law, nor can it be said that it was impossible for the claim to be supported at trial. Similarly, the trial court did not err in denying defendant's motion for a directed verdict because, viewing the evidence in the light most favorable to plaintiff, the evidence raised genuine issues of material fact upon which reasonable minds could differ. Although defendant correctly contends that, as a general rule, he had no duty to provide security guards, plaintiff's allegations of negligence were not limited to this question and were properly sent to the jury.

Further, although defendant, generally, may have had no duty to provide parking lot security guards for the tenants of the apartment complex, if he voluntarily assumed the duty to provide

security, a cause of action could exist if he was negligent in the discharge of this voluntarily assumed duty. *Scott v Harper Recreation, Inc,* 192 Mich App 137, 142; 480 NW2d 270 (1991); *Rhodes v United Jewish Charities of Detroit,* 184 Mich App 740, 743; 459 NW2d 44 (1990).[1] Although the question of duty is ordinarily one of law for the court to decide, where a determination of duty depends on factual findings those findings must be found by the jury. *Aisner, supra,* 645.

Defendant also contends that the trial court erroneously instructed the jury that if the jury found that the apartment building was located in a high-crime area, it should find that there existed foreseeable danger of criminal assaults upon tenants. We review jury instructions as a whole to determine whether the instructions adequately informed the jury of the applicable law, given the evidentiary claims of the case. *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 101; 485 NW2d 676 (1992); *Huffman v First Baptist Church of Flushing,* 355 Mich 437, 446; 94 NW2d 869 (1959).

The trial court instructed the jury with respect to this issue using language taken almost verbatim from this Court's opinion in *Aisner.* The trial court in this case stated:

> A landlord owes a duty to his tenants to protect them from unreasonable risk of harm resulting from the foreseeable criminal activities of third parties within the common areas of the landlord's premises.
>
> Stated otherwise, the landlord's duty to act arises where the risk of harm is foreseeable and the perceived risk is unreasonable.

---

[1] We note the contrary conclusion reached by this Court in *Theis v Abduloor,* 174 Mich App 247, 250; 435 NW2d 440 (1988), but determine that this point is controlled by *Scott, supra,* pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv.

> Whether crimes had occurred previously on specific premises is only one factor in the determination of whether criminal activity was foreseeable to the defendant.
>
> Of more significance is whether the premises as a whole were located within a high-crime area.

Contrary to defendant's contention, the trial court did not "virtually order" the jury to find foreseeable risk of harm from criminal activity if it found the premises to be in a high-crime area. Rather, the trial court adequately instructed the jury regarding the applicable law under the circumstances. We therefore find no error. *Riddle, supra.*

Affirmed.