ABNER v OAKLAND MALL LTD

Docket No. 151676. Submitted January 11, 1995, at Detroit. Decided January 24, 1995; approved for publication March 22, 1995, at 9:10 A.M.

Larna Abner brought an action in the Oakland Circuit Court against Oakland Mall, Ltd., Oakland Square Limited Partnership, and Nation Wide Security, Inc., alleging in part that the defendants were negligent in failing to ensure reasonable safety at the Oakland Square shopping center, in whose parking lot the plaintiff, after working at a store in the shopping center, was raped in spite of security provided by defendant Nation Wide under a contract with the other defendants. The court, Hilda R. Gage, J., granted summary disposition for the defendants.

The Court of Appeals *held:*

Merchants ordinarily are not responsible for the criminal acts of third parties. Where a merchant voluntarily takes safety precautions, an action may not be maintained on the theory that safety measures are less effective than they could or should have been.

Affirmed.

*Monaghan, LoPrete, McDonald, Sogge & Yakima* (by *Mary A. Mahoney*), for Larna Abner.

*Richard A. Kudla & Associates* (by *Victoria P. Lupo*) (*Gross & Nemeth* by *Mary T. Nemeth,* of Counsel), for Oakland Mall, Ltd., and Oakland Square Limited Partnership.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Robert H. Martin*), for Nation Wide Security, Inc.

Before: CONNOR, P.J., and WAHLS and SAAD, JJ.

PER CURIAM. Plaintiff appeals as of right from

an April 8, 1992, order of the trial court that granted summary disposition for defendants and dismissed plaintiff's claims. In light of and in keeping with the rationale set forth in *Scott v Harper Recreation, Inc,* 444 Mich 441; 506 NW2d 857 (1993), we affirm.

The relevant facts in this case are undisputed. On August 11, 1989, plaintiff was raped by an unknown assailant in the rear parking lot of the Oakland Square shopping center. The incident occurred in the early evening as plaintiff walked to her car after working a shift at one of the retail stores. The retail store was located in the Oakland Square shopping center. The premises were owned by defendants Oakland Mall, Ltd., and Oakland Square Limited Partnership, who had contracted with codefendant Nation Wide Security, Inc., to provide security services at the shopping center.

Plaintiff alleged in her second amended complaint that defendants were negligent in failing to ensure that the premises were reasonably safe. Plaintiff also claimed that the premises were inherently dangerous and constituted a nuisance to the public. Defendants moved for summary disposition.[1] After conducting a hearing regarding defendants' motions, the trial court granted summary disposition for defendants.[2]

In granting defendants' motions, the trial court relied upon the holding in *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988) (merchants do not have a duty to provide

---

[1] Defendants Oakland Mall, Ltd., and Oakland Square Limited Partnership moved for summary disposition pursuant to MCR 2.116(C)(10). Defendant Nation Wide Security, Inc., moved for summary disposition pursuant to MCR 2.116(C)(8) and (10).

[2] Although the trial court did not refer to a specific court rule when making its decision, it is readily apparent that the trial court granted defendants' motions pursuant to MCR 2.116(C)(10) after considering the evidence submitted up to that time. See *Westry v Bell Helmets, Inc,* 194 Mich App 366, 369; 487 NW2d 781 (1992).

security guards to protect customers from the criminal acts of third parties). At the time that the trial court made its ruling, this Court had recently released its decision in *Scott v Harper Recreation, Inc,* 192 Mich App 137; 480 NW2d 270 (1991), wherein a panel of this Court found that the plaintiff had "alleged a valid claim of voluntary assumption of the duty to provide security." *Id.* at 143. Although the defendants here also voluntarily hired security guards, the trial court distinguished *Scott* and instead relied upon the Supreme Court's holding in *Williams, supra.* Now, in light of the Supreme Court's reversal of this Court's decision in *Scott,* and its reaffirmation of the principles articulated in *Williams,* we affirm the decision of the trial court.

The primary issue in this case concerns whether defendants had a duty to protect plaintiff from the criminal acts of third parties. Plaintiff relies upon the decisions of this Court in *Scott, supra,* and *Rhodes v United Jewish Charities of Detroit,* 184 Mich App 740; 459 NW2d 44 (1990), to support her theory that defendants may be liable for their negligent performance of their voluntarily assumed duty to provide security services. However, plaintiff's arguments must fail following the Supreme Court's reversal of this Court's decision in *Scott.*

In *Scott, supra* at 452, our Supreme Court reaffirmed the importance of the principle set forth in *Williams* that "merchants are ordinarily not responsible for the criminal acts of third persons." Further, the Supreme Court in *Scott, supra* at 451-452, adopted the public policy rationale of *Tame v A L Damman Co,* 177 Mich App 453; 442 NW2d 679 (1989), that merchants who attempt to provide security services should not be penalized for doing so. The Supreme Court criticized this Court's decision in *Rhodes,* and stated that "[t]o the extent

that *Rhodes* implies that an agreement to provide security is an actionable warranty that the guarded area will be safe from all criminal activity, it is inconsistent with Michigan law." *Scott, supra* at 452. The Supreme Court then expanded upon the holding in *Williams,* wherein it reasoned as follows:

> The central holding of *Williams* is that merchants are ordinarily not responsible for the criminal acts of third persons. The present suit is an attempt to circumvent that holding by invoking the principle that a person can be held liable for improperly discharging a voluntarily undertaken function. However, the rule of *Williams* remains in force, even where a merchant voluntarily takes safety precautions. Suit may not be maintained on the theory that the safety measures are less effective than they could or should have been. [*Scott, supra* at 452.]

After reviewing the pleadings and the record, we are convinced that the trial court properly dismissed plaintiff's claims. The essence of plaintiff's claims is that the safety measures voluntarily undertaken by defendants were less effective than they could or should have been. The Supreme Court's decision in *Scott* clearly precludes recovery under such a theory.[3]

---

[3] In a footnote in *Scott, supra* at 452-453, n 16, the Supreme Court appears to have left room for a potential claim in certain unusual circumstances. The Court stated, "We offer no view regarding other factual situations that might arise, such as where an important safety measure is specifically promised and is entirely absent, and injury is proximately caused thereby." However, we find that the instant case does not present such an unusual situation or a specific promise to remove it from the general holding of *Scott.*

We distinguish the instant case from the recent case of *Jackson v White Castle System, Inc,* 205 Mich App 137, 142; 517 NW2d 286 (1994), because therein the defendant allegedly "failed to control or eject the unruly patrons and failed to notify the police when it knew

For the foregoing reasons, we affirm the decision of the trial court.

---

or should have known that its patrons were placed in peril." In the instant case, there was no specific knowledge or forewarning concerning plaintiff's attacker. Plaintiff alleges only a general failure to keep the premises reasonably safe.

Further, we would distinguish the instant case from *Schneider v Nectarine Ballroom, Inc (On Remand),* 204 Mich App 1, 7; 514 NW2d 486 (1994), because therein the defendant ejected the plaintiff into "a known, obvious, and imminently dangerous situation." In the instant case, plaintiff does not allege that she was ejected into an imminently dangerous situation.