746 N.W.2d 620 (2008)
Steven J. GREENWALD, Plaintiff-Appellant/Cross-Appellee,
v.
Lee J. GREENWALD, Defendant-Appellee/Cross-Appellant.
Docket No. 135299. COA No. 265814.
Supreme Court of Michigan.
April 9, 2008.
On the order of the Court, the application for leave to appeal the August 9, 2007 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the Court of Appeals judgment in part and REMAND this case to the Oakland Circuit Court for further proceedings consistent with this order. In addition to the factual issue identified by the Court of Appeals regarding the wrongful conduct doctrine, an issue of material fact exists regarding whether defendant's contact with UBS Financial Services, Inc., was justified. This Court has held that "the intentional and knowing inducement of a party to break his contract with another party is a wrongful act, and actionable as such, unless reasonable justification or excuse can be shown." Bohr v. Miller Bros. Creamery, 365 Mich. 415, 422, 112 N.W.2d 463 (1961) (emphasis added). The Court of Appeals erred in holding that defendant's contact with UBS was per se wrongful. The Court of Appeals defined per se wrongful as "an act that is inherently wrongful or one that is never justified under any circumstances." Formall v. Comm. Nat'l Bank, 166 Mich. App. 772, 780, 421 N.W.2d 289 (1988). This Court has explained that "No categorical answer can be made to the question of what will constitute justification, and it is usually held that this question is one for the jury." Wilkinson v. Powe, 300 Mich. 275, 283, 1 N.W.2d 539 (1942), citing cases cited in 84 A.L.R. 43, 81. Justification exists where the defendant acted on an "equal or superior right." See 84 A.L.R. 43, 80; Feldman v. Green, 138 Mich.App. 360, 378, 360 N.W.2d 881 (1984); see also Wilkinson, supra at 283, 1 N.W.2d 539 (using "superior or absolute" right). A question of material fact exists regarding whether defendant was justified in contacting UBS and informing it of plaintiffs alleged fraudulent conduct to protect her own legal interests and/or to avoid or remedy harm to UBS. Accordingly, we REVERSE the portion of the Court of Appeals judgment holding that defendant's conduct was per se wrongful and REMAND this matter to the Oakland Circuit Court for further proceedings consistent with this order and with the remainder of the Court of Appeals opinion. In all other respects, leave to appeal is denied.
We do not retain jurisdiction.