# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 6, 2009

137018

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

NAYVON HILL,
      Defendant-Appellant.

SC: 137018
COA: 284188
Saginaw CC: 04-024952-FH

_____/

On order of the Court, the application for leave to appeal the April 9, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals and direct that court to decide whether to grant, deny, or order other relief in accordance with MCR 7.205(D)(2). Defendant filed an application for appointed counsel within the one-year time period following his guilty plea before his conviction became final. Before defendant filed this application, the United States Supreme Court decided *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005), in which the Court held that defendants who pleaded guilty have the right to appointed counsel. Therefore, the trial court here erred in denying defendant's request for appointed counsel, but corrected this error by granting defendant's renewed request for counsel. However, pursuant to *People v Thomas*, 480 Mich 1158 (2008), defendant's period for filing a late appeal should have been restarted on the date he was appointed counsel. Our decision in *People v Maxson*, 482 Mich 385 (2008), does not alter the outcome here. In *Maxson*, this Court held that *Halbert* does not apply retroactively to cases in which a defendant's conviction had become final before *Halbert* was decided, but here defendant's conviction was not final when *Halbert* was decided.

We do not retain jurisdiction.

KELLY, C.J., and CAVANAGH, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 6, 2009

_____
Clerk

s0303