*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HAMIN LORENZO DIXON,

        Defendant-Appellant.

UNPUBLISHED
June 08, 2026
2:01 PM

No. 371015
St. Clair Circuit Court
LC No. 04-001781-FH

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion to reissue the judgment of sentence and restart the time to file an appeal or request counsel under MCR 6.428. Because defendant established that the court erred and other circumstances outside his control deprived him of the appointment of appellate counsel during the still-open period for first-tier appellate review, we vacate and remand for restoration of defendant's appellate rights.

## I. FACTUAL BACKGROUND

This case arises from defendant's 2004 guilty-plea conviction of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*). In exchange for defendant's plea, the prosecutor agreed to dismiss the remaining counts[2] and to reduce defendant's fourth-offense habitual-offender notice to a third-offense habitual-offender notice. The trial court accepted the plea. It later sentenced defendant, as a third-offense habitual offender, MCL 769.11, to 17 months to 40 years' imprisonment.

---

[1] *People v Dixon*, unpublished order of the Court of Appeals, entered December 12, 2024 (Docket No. 371015).

[2] Defendant was initially charged with possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*); resisting and obstructing a police officer, MCL 750.81(d)(1); and loitering in a place of illegal business, MCL 750.167(1)(j).

At the plea hearing, the trial court advised defendant of the trial rights he would waive by pleading guilty, but it did not advise him that an appeal from a plea-based conviction would be by application for leave to appeal rather than by appeal of right. The court also did not advise defendant that, by pleading guilty, he was waiving the right then recognized by statute and court rule to have counsel appointed at public expense to assist in filing an application for leave to appeal. At sentencing, the trial court failed to advise defendant on the record that he could seek leave to appeal (which appellee concedes in its brief). Furthermore, the record shows that the trial court failed to provide defendant forms necessary to request appellate review or appellate counsel.

Defendant did not file a timely application for leave to appeal. In July 2005, however, while the one-year period for filing a delayed application for leave to appeal remained open, defendant's father contacted the circuit court administrator's office. On July 7, 2005, that office mailed defendant forms for requesting appointed appellate counsel and instructed him to complete and return the forms if he wanted appellate counsel appointed. Defendant later asserted by affidavit that he received the forms, completed them, mailed them back to the circuit court, and never received a response. The lower court record contains no order appointing appellate counsel, no order denying a request for appellate counsel, and no waiver of appellate counsel or appellate review.

In April 2012, defendant filed a motion for relief from judgment. Among other claims, defendant argued that the trial court and trial counsel failed to advise him of his appellate rights. The trial court denied relief under MCR 6.508(D), concluding that most of defendant's claims could have been raised on direct appeal. As to defendant's claim concerning the failure to advise him of his appellate rights, the trial court stated that the issue was more appropriately addressed by the appellate courts. Defendant sought leave to appeal in this Court, which denied leave for failure to establish entitlement to relief under MCR 6.508(D).[3] Our Supreme Court likewise denied leave.[4]

In 2014, defendant sought federal habeas relief. The United States District Court for the Eastern District of Michigan dismissed the petition as untimely.[5] In doing so, the district court noted the July 2005 correspondence and reasoned that defendant had not explained why he waited several more years before seeking postconviction relief.

In April 2024, defendant filed the present motion for reissuance of the judgment of sentence and restoration of appellate rights under MCR 6.428. Defendant argued that he had been denied appellate review and appointed appellate counsel because the trial court failed to comply with its plea and sentencing obligations. He maintained that the circuit court also failed to process his returned request for appellate counsel. Additionally, defendant argued that *Halbert v Michigan*,

---

[3] *People v Dixon*, unpublished order of the Court of Appeals, entered January 3, 2013 (Docket No. 312154).

[4] *People v Dixon*, 494 Mich 857 (2013).

[5] *Dixon v Maclaren*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued April 1, 2015 (Case No. 14-CV-11895).

545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005), entitled him to appointed appellate counsel before his conviction became final. The trial court denied the motion, concluding that defendant had not established that he was denied appellate review because of an error by prior counsel or the court. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court erred by denying relief under MCR 6.428 because he was denied appellate review and the appointment of appellate counsel as a result of court error or factors outside his control. We agree.

"We review for an abuse of discretion a lower court's ruling on a postconviction motion and review for clear error its findings of fact." *People v Byars*, 346 Mich App 554, 563; 13 NW3d 328 (2023). "A court abuses its discretion if its decision falls outside the range of reasonable and principled outcomes. Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Tardy*, 348 Mich App 500, 509; 19 NW3d 164 (2023) (quotation marks and citation omitted). "We review de novo a lower court's interpretation of a court rule." *Byars*, 346 Mich App at 563-564.

We begin with the governing version of MCR 6.428. MCR 6.428, as adopted in 2005, did not apply to plea-based convictions because those convictions were appealable only by leave granted. *Tardy*, 348 Mich App at 509. Effective January 1, 2021, our Supreme Court amended MCR 6.428, which now states:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

The amended rule therefore "enables defendants convicted by plea to restore their appellate rights if they were denied appellate review of a plea-based conviction for reasons outside their control, such as errors made by counsel or the trial court." *Tardy*, 348 Mich App at 513. In *Byars*, this Court explained that "the current version of MCR 6.428 governs the restoration of a defendant's appellate rights unless the defendant acted or failed to act in reliance on the previous version of MCR 6.428 and the defendant's action or inaction has consequences under the new rule that were not present under the old rule." *Byars*, 346 Mich App at 566. As in *Byars*, defendant relied on the current version of the rule in the trial court, the trial court cited the current version of the rule, and the prosecution does not argue that the former rule applies. See *id*. at 566-567. The current rule therefore governs defendant's motion. Under that rule, defendant is entitled to relief if court error, attorney error, or another factor outside his control caused the denial of either appellate review or the appointment of appellate counsel. See *id*. at 568.

The record satisfies that standard. The trial court failed to comply with several requirements in effect at the time of defendant's plea and sentencing. At the plea stage, former MCL 770.3a(4), as added by 1999 PA 200, provided:

While establishing that a plea of guilty, guilty but mentally ill, or nolo contendere was made understandingly and voluntarily under Michigan Court Rule 6.302 or its successor rule, and before accepting the plea, the court shall advise the defendant that, except as otherwise provided in this section, if the plea is accepted by the court, the defendant waives the right to have an attorney appointed at public expense to assist in filing an application for leave to appeal or to assist with other postconviction remedies, and shall determine whether the defendant understands the waiver.

The same basic requirement appeared in MCR 6.302(B)(5), as amended March 28, 2000. MCR 6.302(B) required the court to advise defendant and determine whether he understood that, if the plea was accepted, he was waiving the right to have appointed counsel assist in filing an application for leave to appeal. The rule also required the court to advise defendant that any appeal from the plea-based conviction would be by application for leave to appeal and not by appeal of right. The plea transcript contains no such advice.

The trial court also failed to comply with the sentencing-stage requirements then contained in MCR 6.425(E)(2). In a case involving a conviction following a guilty or no-contest plea, the court was required, immediately after imposing sentence, to advise defendant on the record that he was entitled to file an application for leave to appeal. See MCR 6.425(E)(2)(a), as amended March 28, 2000. Former MCL 770.3a(4) also required the court, upon sentencing, to furnish defendant with a form developed by the Supreme Court Administrative Office (SCAO), which defendant could complete and file as an application for leave to appeal. The sentencing transcript does not show that defendant was advised of his right to file an application for leave to appeal, and the record does not reflect that defendant was given the required form at sentencing.

Those omissions are not merely technical. MCR 6.428 does not require a defendant to prove that a timely application for leave to appeal would have succeeded. It requires a showing that the defendant was denied appellate review or the appointment of appellate counsel because of court error, attorney error, or another factor outside defendant's control. Defendant was not told at the plea hearing that he was waiving the assistance of appointed counsel to file an application for leave to appeal. He was not told at sentencing that he could file an application for leave to appeal. And the record is devoid of evidence that he was given the required appellate form at sentencing. The court's omissions occurred at the exact points in the proceedings when defendant was entitled to receive the information necessary to pursue first-tier appellate review.

The prosecution acknowledges that the plea and sentencing records are deficient. The prosecution mistakenly argues that defendant cannot establish causation because the circuit court administrator's office later mailed him appellate-counsel forms in July 2005. The July 2005 letter is important, but it does not cure the errors at plea and sentencing. It was sent approximately nine months after sentencing, not by the sentencing court immediately after imposing sentence, and only after defendant's father contacted the court administrator's office. The later letter does not cure the court error that had already occurred.

Nor does the July 2005 letter establish that defendant received the appellate process to which he was entitled. Defendant asserted by affidavit that he completed and returned the forms. The lower court record contains no document showing that any request was filed, rejected,

processed, or granted.  But that gap in the record does not defeat defendant's claim under MCR 6.428.  Defendant's position is that he attempted to invoke the process and that the forms were either not received, not filed, or not acted on.  If the forms were lost in transmission or otherwise failed to reach the court, that failure was outside defendant's control.  If they reached the court but were not processed, that failure was court error.  Either way, the record does not support treating defendant's lack of counsel as a knowing abandonment of appellate review.

*Halbert* confirms why the July 2005 events matter.  In *Halbert*, the United States Supreme Court held "that the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Halbert*, 545 US at 619.  Defendant was sentenced on October 15, 2004.  Under the version of MCR 7.205(F) then in effect, his time for filing a delayed application for leave to appeal expired 12 months later.  *Halbert* was decided in June 2005, before defendant's conviction became final.

This timing places defendant's case on the side of the line where *Halbert* applies.  In *People v Maxson*, 482 Mich 385, 387; 759 NW2d 817 (2008), our Supreme Court held that *Halbert* does not apply retroactively to convictions that became final before *Halbert* was decided.  But in *People v Hill*, 483 Mich 897; 761 NW2d 101 (2009), our Supreme Court applied *Halbert* when the defendant requested appointed counsel within the one-year period following his guilty plea and before his conviction became final.  Defendant's conviction was not final when *Halbert* was decided, and the July 2005 correspondence occurred during the still-open appeal period.

The prosecution is correct that, when defendant was sentenced in October 2004, the trial court did not yet have an obligation under *Halbert* to appoint appellate counsel.  But that point does not resolve the question presented under MCR 6.428.  Defendant relies not only on the advice missing from the October 2004 proceedings, but also on what occurred after *Halbert* was decided and before the appeal period expired.  By July 2005, defendant was an indigent plea-convicted defendant still eligible to seek first-tier appellate review.  Under *Halbert*, he was entitled to appointed counsel for that review if he requested it.  *Halbert*, 545 US at 619.  The record does not show that counsel was appointed, that any request for counsel was processed, or that defendant knowingly waived the appointment of appellate counsel.

On this record, defendant established that he was denied the appointment of appellate counsel because of court error or another factor outside his control.  The trial court's failure to advise defendant properly at the plea and sentencing hearings triggered the problem.  The court's later failure to appoint appellate counsel or process defendant's asserted request during the still-open appeal period completed it.  MCR 6.428 was amended to address precisely this type of lost appellate opportunity.

In the proceedings below, the prosecution and the trial court also reasoned that defendant was not denied appellate review because he later filed a motion for relief from judgment, sought leave to appeal the denial of that motion, and pursued federal habeas relief.  Those later collateral proceedings were not the appellate review contemplated by MCR 6.428. Defendant's 2012 motion for relief from judgment was governed by MCR 6.508(D), which limits relief for claims that could have been raised on direct appeal.  Indeed, the trial court denied relief in part because defendant was asking it to decide issues that could have been raised on appeal had defendant filed an

-5-

application for leave to appeal from his conviction and sentence. This Court and our Supreme Court then denied leave under the standards governing collateral review. That process did not restore the timely, counseled, first-tier appellate review that defendant lost.

*Tardy* does not require a different result. In *Tardy*, this Court concluded that the defendant had not been denied appellate review because this Court had considered his application for leave to appeal, reviewed the lower court record, and denied leave "for lack of merit in the grounds presented." *Tardy*, 348 Mich App at 518. The Court emphasized that the defendant had managed to secure appellate review of the same plea-based challenges he sought to raise. *Id*. at 517-518.

This case is materially different. Defendant did not receive a timely, counseled, first-tier application for leave to appeal from his 2004 judgment of sentence. Instead, he pursued collateral relief after the direct-appeal period expired, and the courts reviewed his claims under MCR 6.508(D). Although those courts considered some of defendant's claims in that collateral posture, collateral review did not provide the same procedural opportunity as a direct application for leave to appeal with the assistance of counsel. The distinction matters because the limitations of MCR 6.508(D) applied precisely because no direct application for leave to appeal had been filed.

Nor does defendant's delay, standing alone, preclude relief. MCR 6.428 contains no express time limit. Delay may bear on whether the defendant has shown that court error or a factor outside his control caused the denial of appellate review or counsel. But this record contains more than a bare assertion that defendant was unaware of his rights. The trial court failed to provide required advice at both the plea and sentencing proceedings; defendant's father contacted the court within the appeal period; the court administrator's office mailed defendant appellate-counsel forms within the appeal period; defendant asserted that he completed and returned those forms; *Halbert* was decided before defendant's appeal period expired; and defendant did not receive appointed appellate counsel. The delay that followed does not erase those earlier circumstances.

In sum, defendant was convicted by plea and was not properly advised of his appellate rights at either the plea hearing or sentencing. He remained within the direct-appeal period when *Halbert* was decided, and the record supports that he attempted to obtain appointed appellate counsel during that period. The record demonstrates that the trial court failed to process defendant's asserted request, and for that reason, it did not appoint appellate counsel. From this record, we conclude the defendant could not knowingly waive appellate counsel or appellate review. Defendant has established that he was denied the appointment of appellate counsel, and effectively the opportunity for counseled first-tier appellate review, because of court error or other factors outside his control. The trial court abused its discretion by denying relief under MCR 6.428. We thus vacate the trial court's order and remand for entry of an order restarting the time for defendant to file an application for leave to appeal or request appellate counsel under MCR 6.428.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado